[No. 32310.   Department One.   April 2, 1953.]

LEO M. SCOTT *et al., Respondents,* v. E. C. SLATER *et al.,*
*Appellants.*[1]

[1]Reported in 255 P. (2d) 377.

*Shiner & Arneil,* for appellants.

*Robert F. Murray,* for respondents.

OLSON, J.—Plaintiffs brought this action to quiet title to a strip of land lying between a tract formerly owned by them and one owned by defendants. They claim ownership of the strip by adverse possession and by the establishment of a boundary by acquiescence. The trial court found the facts in plaintiffs' favor on each of these issues, and defendants, by this appeal, challenge those findings.

The area in which these tracts are located was platted. A street eighty feet in width was shown between them on the plat. Before either plaintiffs or defendants acquired their tracts, this street was vacated. When this occurred, the center line of the street became the record title boundary line between the tracts, and each tract was enlarged by forty feet. Plaintiffs now claim an additional strip twenty-seven feet wide adjacent to the center line, and assert that the edge of this strip should be established as the boundary line. This would leave defendants with thirteen feet of the street.

Plaintiffs were in possession of their tract from 1934 until they sold it in 1946. Their grantees not only claim no interest in the strip in question but have recognized defendants as its owners. Defendants have been in possession of their premises continually since 1933.

During all of the time the parties have occupied their premises, there has been a row of pear trees along the edge of the street on defendants' tract. The bases of these trees are from 2.5 to 4.5 feet into the street. Their branches hang twelve to fourteen feet over the street and as much as 5.5 feet over the strip in question.

We shall consider first the plaintiffs' claim based upon acquiescence, because its defects also inhere in their

claim by adverse possession. The pertinent rule is that, where a boundary has been defined in good faith by the interested parties and thereafter for a long period of time acquiesced in, acted upon, and improvements made with reference to the line, such a boundary will be considered the true dividing line and will govern. Whether or not the line so established is correct is immaterial. *Mullally v. Parks,* 29 Wn. (2d) 899, 906, 190 P. (2d) 107 (1948), and cases cited.

■ The period of time which must elapse before a boundary line is established by acquiescence is the same as is required to secure property by adverse possession. *Thomas v. Harlan,* 27 Wn. (2d) 512, 518, 178 P. (2d) 965, 170 A. L. R. 1138 (1947). In this case, that period is ten years. RCW 4.16.020 [*cf.* Rem. Rev. Stat., § 156]. See 23 Wash. L. Rev. 131.

Defendants themselves preceded plaintiffs in the occupancy of plaintiffs' property. Defendants' predecessors in interest in the land now owned by defendants then were farming the strip in question. There never has been a fence or any other mark such as a point to which the ground was cultivated to define the line now asserted by plaintiffs. Their cultivation of the strip did not terminate at a well defined point and varied in its extent.

■ It is not shown when or why plaintiffs selected the particular line which they now claim is the boundary. It is clear that the parties to this action did not mutually select it. Never having been defined mutually by the adjoining owners, it could not have been recognized or acquiesced in as the true boundary for any period of time. Consequently, the finding of the trial court upon this theory of the case is without evidentiary support and cannot be sustained.

■■ Upon plaintiffs' other theory, their possession, to be adverse, must have been actual and uninterrupted, open and notorious, hostile and exclusive, and under a claim made in good faith. It must have continued for the entire statutory period to support a claim of title. *Beck v. Loveland,* 37 Wn.

(2d) 249, 256, 222 P. (2d) 1066 (1950), and cases cited. The character of plaintiffs' possession is a question of fact. *Mugaas v. Smith*, 33 Wn. (2d) 429, 430, 206 P. (2d) 332, 9 A. L. R. (2d) 846 (1949). The burden of proof is upon plaintiffs to establish its adverse nature. One requirement is that it be exclusive.

Not only have plaintiffs failed to sustain their burden upon this essential fact, but the evidence preponderates against their claim in this regard. Both parties used the strip. Defendants entered it when they cultivated, sprayed, and harvested their pears. There was no ouster of defendants from the strip. They did not know, and had no reason to know, that plaintiffs possessed the strip and claimed it as their own. *Skoog v. Seymour*, 29 Wn. (2d) 355, 362, 187 P. (2d) 304 (1947); *Beck v. Loveland, supra*, p. 255, and cases cited.

The lack of proof of a well defined boundary discussed in our consideration of the plaintiffs' claim by acquiescence is also a fatal defect in their claim by adverse possession. *Skoog v. Seymour, supra*, p. 365; 5 Thompson on Real Property (Perm. ed.) 450, § 2643.

With due regard for the findings of the trial court, they cannot be sustained on the issue of adverse possession because of plaintiffs' failure to prove at least these two facts essential to establish it. The other requirements of that claim need not be considered. Nor need we decide whether or not such a claim is inconsistent with the assertion that a boundary has been established by acquiescence.

The judgment of the trial court is reversed.

GRADY, C. J., MALLERY, HILL, and WEAVER, JJ., concur.

———

May 5, 1953. Petition for rehearing denied.