[No. 1015-1.    Division One—Panel 1.    January 15, 1973.]

ANNA M. HUNT, *Appellant*, v. NORAH R. MATTHEWS *et al.*, *Respondents*.

*Hennings, Maltman & Weber* and *John R. Weber,* for appellant.

*Bogle, Gates, Dobrin, Wakefield & Long, Don Paul Badgley,* and *Edward C. Biele,* for respondents.

CALLOW, J.—This is an action to quiet a title claimed to have been acquired by adverse possession. Three major matters are raised: the criteria for ruling on a motion challenging the sufficiency of the evidence at the conclusion of the plaintiff's testimony, objections to the trial court's findings and objections to the conclusions regarding adverse possession.

Plaintiff acquired title by deed to that parcel marked "A" on the map. Title was acquired in 1957 after the plaintiff had leased this residential property for a year. She has lived since in a house on the property. In November 1968, she filed a complaint alleging adverse possession of the adjacent parcel "B" under the 10-year statute, RCW 4.16.020.

Defendants Biele and Brody are the contract purchasers of the property to the west of plaintiff's property, their property being bounded on the north by Northeast 95th Street, on the west by Sand Point Way and on the south by the Northern Pacific Railway right-of-way. The wooded and undeveloped property of the defendants includes parcel "B". When plaintiff acquired parcel "A", parcel "B" included an irregular and undefined extension of the lawn

then existing on parcel "A". She has maintained the lawn which extended onto defendants' property since she purchased parcel "A", and the lawn presently appears much as it did when she acquired parcel "A". The court found that the area of defendants' property occupied by the lawn was not in conformity, in any way, with that portion of the defendants' property to which plaintiff asserts adverse possession. She maintained a garden of approximately 15 feet by 15 feet in an area to the south of the extended lawn, usually spaded the garden in the spring and used a compost pile near the garden area. The plaintiff described her use of parcel "B" as "a lawn and also a garden spot."

Plaintiff did not erect a fence or any structure on parcel "B", but an old fence was standing on part of the western fringe of the disputed area when plaintiff took possession of parcel "A". This fence is now pushed to the ground and less

of it exists now than in 1957. It was used to keep children off the property and by plaintiff's testimony consisted "mostly some sticks, twigs and chicken wire" and is "mostly bent down and . . . runs in an area through the woods, . . ." It is in an area of bushes and undergrowth, is not visible from the lawn, and its remnants extend along part of the western border of the disputed parcel. The western periphery of parcel "B" extending from the south edge of the old fence to the railroad right-of-way is a tangled area of blackberries and bushes. The plaintiff never cut a boundary through this area or maintained it but left it in its wild state as a barrier.

The trial court has a choice in ruling on a challenge to the sufficiency of the evidence in a nonjury case. It may either (a) proceed as in a jury case, treat the plaintiff's evidence as true, and rule, as a matter of law, that plaintiff has or has not established a prima facie case; or (b) it may weigh the evidence and rule as a matter of fact. *N. Fiorito Co. v. State*, 69 Wn.2d 616, 419 P.2d 586 (1966); Trautman, *Motions Testing the Sufficiency of Evidence*, 42 Wash. L. Rev. 787, 802 (1967). The trial court entered findings and decided as a matter of fact that the plaintiff had not established a prima facie case. Substantial evidence supports these findings. *Richards v. Kuppinger*, 46 Wn.2d 62, 64, 278 P.2d 395 (1955).

Were the actions of the one claiming title by adverse possession sufficiently apparent and blatant to give notice to the original title holder that he was being challenged? The acts constituting the warning which establishes notice must be made with sufficient obtrusiveness to be unmistakable to an adversary, not carried out with such silent civility that no one will pay attention. The intention to claim title to an area must be objectively exhibited by the claimant. *Brown v. Hubbard*, 42 Wn.2d 867, 259 P.2d 391 (1953). Uninterrupted, open, notorious, hostile and exclusive possession for 10 years is required. *Krona v. Brett*, 72 Wn.2d 535, 433 P.2d 858 (1967); *El Cerrito, Inc. v. Ryndak*, 60 Wn.2d 847, 376 P.2d 528 (1962); *Rognrust v. Seto*, 2

Wn. App. 215, 467 P.2d 204 (1970). Real property will be taken away from an original owner by adverse possession only when he was or should have been aware and informed that his interest was challenged. *See Roesch v. Gerst,* 18 Wn.2d 294, 138 P.2d 846 (1943).

█ Whether actions are open, notorious and hostile is a question of fact to be decided by the trier of the fact. *Northwest Cities Gas Co. v. Western Fuel Co.,* 13 Wn.2d 75, 123 P.2d 771 (1942); *Spear v. Basagno,* 3 Wn. App. 689, 477 P.2d 197 (1970). The decision is made within the context of the locality, the nature and character of the property and the use made of it. *Frolund v. Frankland,* 71 Wn.2d 812, 431 P.2d 188 (1967). When a claimant does everything a person could do with particular property, it is evidence of the open hostility of his claim. If he does less, the trier of the fact is justified in concluding that an owner would not be expected to take alarm from such random activity. *Grays Harbor Commercial Co. v. McCulloch,* 113 Wash. 203, 210, 193 P. 709 (1920).

The trial court noted that the claimant lived in a residence on her property, but the adjacent property of the defendants was a vacant lot. Greater use of a vacant lot would be required to be notorious to an absentee owner than to one occupying the land who would observe an offensive encroachment daily. The reasoning of *Peoples Sav. Bank v. Bufford,* 90 Wash. 204, 208, 155 P. 1068 (1916), is applicable:

> It is . . . important . . . to consider the character and intended uses of the property. . . . the mere fencing and sowing of some turnip seed were insufficient to initiate a title to a town lot. It is not like land that may be pastured or put to commercial crops or from which wood may be cut. Such acts are not inconsistent with an intent to trespass, for few owners would object to the use of his unimproved town lot by those who might plant a garden, erect a chicken run, or pile wood upon it. Town lots are laid out for the purpose of erecting dwellings and convenient outbuildings, and the title to them should not be disturbed until there is clear proof

> that the occupant intends to devote the property to the uses for which it was intended.
>
> Respondents did nothing that was not consistent with permissive use, or the act of a trespasser, . . .

The property must be used beyond the use it would receive because it was handy and convenient and, instead, must be utilized and exploited as by an owner answerable to no one. *Fadden v. Purvis*, 77 Wn.2d 23, 459 P.2d 385 (1969); *Butler v. Anderson*, 71 Wn.2d 60, 426 P.2d 467 (1967); *Mesher v. Connolly*, 63 Wn.2d 552, 388 P.2d 144 (1964).

■ The erection of a fence is also a circumstance to be considered by the trial court in ascertaining if the claim was open, notorious and hostile. The fence in question was not erected or improved by the plaintiff but was allowed to deteriorate. Its existence, under the circumstances, would not convey notice of a claim by the plaintiff. *Beck v. Loveland*, 37 Wn.2d 249, 222 P.2d 1066 (1950); *Drumheller v. Nasburg*, 3 Wn. App. 519, 475 P.2d 908 (1970). A fence existing as a convenience rather than as an assertion of ownership does not establish notice of a claim. *Taylor v. Talmadge*, 45 Wn.2d 144, 273 P.2d 506 (1954); *Young v. Newbro*, 32 Wn.2d 141, 200 P.2d 975 (1948). In this light, the evidence was justifiably weighed and found wanting. The fence did not define the boundary of the area claimed by the plaintiff; it did not exclude the defendants from the property; and it did not indicate an affirmative exertion of dominion by the claimant over the property. *Compare Davies v. Wickstrom*, 56 Wash. 154, 105 P. 454, 134 Am. St. R. 1100 (1909) *with* the previously cited authorities.

■ The burden of proving the existence of each element of adverse possession is on the claimant. *Woehler v. George*, 65 Wn.2d 519, 398 P.2d 167 (1965); *Scott v. Slater*, 42 Wn.2d 366, 255 P.2d 377 (1953). The presumption is in the holder of the legal title. He need not maintain a constant patrol to protect his ownership. 5 G. Thompson, *Real Property* § 2544 (1957).

The findings of the trial court are supported by substantial evidence and will not be overturned. The conclusion

follows that adverse possession was not proven. The judgment is affirmed.

HOROWITZ, C.J., and WILLIAMS, J., concur.