907 P.2d 305 (1995)
80 Wash.App. 398
Delores M. ANDERSON, a single woman, Respondent,
v.
Lawrence S. and Janet J. HUDAK, husband and wife; and Pacific First Federal Savings Bank, Appellants.
No. 17787-1-II.
Court of Appeals of Washington, Division 2.
November 1, 1995.
Publication Ordered December 19, 1995.
*307 Barbara Anne Henderson, Joseph R. Cicero, Smith Alling Lane P.S., Tacoma, Thomas F. Gallagher, Tacoma, for Appellants.
Edwin J. Wheeler, Tacoma, for Respondent.
*306 BRIDGEWATER, Judge.
In an adverse possession action, the trial court granted judgment in favor of Anderson. We hold that the planting of a row of trees alone, without some use that is open and hostile, does not satisfy the elements of adverse possession and that the grant of an easement for tree airspace and maintenance was also improper. We reverse.
Lawrence and Janet Hudak (Hudaks) appeal a judgment entered in a boundary dispute with their neighbor, Delores Anderson (Anderson), that quieted title to a portion of the disputed land in Anderson based upon adverse possession. The Anderson and Hudak properties began as one large parcel owned by Aline Anderson, Anderson's mother-in-law. Aline's property, a rectangular parcel of unimproved land in Tacoma, measured 270 feet long from east to west and 60 feet wide from north to south.
In 1960, Aline divided her parcel. Aline retained the westerly 150 feet. She conveyed the easterly 120 feet to Forrest and Delores Anderson, Aline's son and daughter-in-law. Forrest and Delores then built a home on their parcel. Sometime in the early 1960s, the Andersons planted a line of trees in their backyard on what they thought was their western property line.
In 1977, Aline disposed of her remaining 150-foot long property through two deeds. First, she conveyed the westerly 135 feet to a builder who constructed a house and eventually sold this property to the Hudaks in 1990. Second, she conveyed the remaining 15 feet to Anderson, who had divorced Forrest.
Topographically, the Anderson parcel stands at a higher elevation than the Hudak parcel. Directly west of the line of trees planted by the Andersons lies roughly a 15-foot strip of land standing at the same elevation as the Anderson parcel. At the western end of the 15-foot strip, the land drops sharply to the east, forming a steep bank or ledge.
Anderson thought that through the 1977 conveyance from Aline she acquired the roughly 15-foot strip of land to the west of the trees. A survey conducted by the Hudaks, however, revealed that not only was the 15-foot strip of land on the Hudaks' property, but the line of trees was actually on the Hudaks' property as well.
In 1991, Anderson filed a complaint to quiet title. She alleged that she owned the disputed land directly west of her property, which included the line of trees and the 15-foot strip to the west of the trees. She contended that she adversely possessed the disputed property continuously from 1977 until trial.
During the bench trial, all evidence focused on the activities of Anderson and her family on the disputed 15-foot strip west of the trees. But no evidence was presented showing that Anderson and her family ever conducted any activities on the trees themselves beyond planting the trees.
The trial court found that Anderson had not satisfied the elements of adverse possession as to the 15-foot strip west of the trees. But the trial court found that Anderson proved she adversely possessed the trees; the trial court then quieted title in Anderson to an area including the line of trees and extending 5 feet west of the trees. The trial court also granted Anderson a permanent easement over the Hudaks' property in airspace for the branches and for "reasonable rights of access on the land to trim, prune, cultivate and maintain the same."
The Hudaks argue that the trial court erred in finding that the trees satisfied all elements of adverse possession. In order to establish a claim of adverse possession, there must be possession for ten years that is: (1) open and notorious, (2) actual and uninterrupted, (3) exclusive, and (4) hostile. ITT Rayonier, Inc. v. Bell, 112 Wash.2d 754, 757, 774 P.2d 6 (1989); RCW 4.16.020. The Hudaks argue that Anderson failed to show that her possession was "hostile" as well as "open and notorious." They also argue that Anderson failed to prove "actual" possession *308 for the statutory period regarding the area extending 5 feet west of the row of trees.
Because the holder of legal title is presumed to have possession, the party claiming to have adversely possessed the property has the burden of establishing the existence of each element. ITT Rayonier, 112 Wash.2d at 757, 774 P.2d 6. Adverse possession is a mixed question of law and fact: whether the essential facts exist is for the trier of fact, but whether the facts constitute adverse possession is for the court to determine as a matter of law. Peeples v. Port of Bellingham, 93 Wash.2d 766, 771, 613 P.2d 1128 (1980), overruled on other grounds in Chaplin v. Sanders, 100 Wash.2d 853, 676 P.2d 431 (1984). Factual findings will be disturbed on appeal only when they are not sustained by the record. Peeples, 93 Wash.2d at 771, 613 P.2d 1128.

I
The Hudaks first argue that the acts of Anderson and her family do not amount to "hostile" possession of the line of trees. Hostility does not import enmity or ill-will; rather, it "requires only that the claimant treat the land as his own as against the world throughout the statutory period." Chaplin v. Sanders, 100 Wash.2d 853, 857, 860-61, 676 P.2d 431 (1984). The nature of possession is determined objectively by the manner in which the claimant treated the land; the claimant's subjective belief regarding the claimant's true interest in the land and intent to dispossess or not dispossess another is irrelevant to determine whether hostility has been established. Chaplin, 100 Wash.2d at 861, 676 P.2d 431.
Here, the trial court found that "[f]or a period exceeding ten years Plaintiff maintained and cultivated [the trees] as her own...." But the Hudaks correctly point out that Anderson presented no evidence to support the trial court's finding. At trial, testimony revolved around Anderson's activities on the strip of land directly west of the trees, not around her activities on the trees themselves. No one testified that Anderson or her family ever watered, pruned, trimmed or cared for the trees. The only evidence regarding activities on the trees themselves was Anderson's testimony indicating that her husband planted the trees in the early 1960s and that Anderson topped the trees after her dispute with Hudak arose in 1991.
In short, the record is absolutely devoid of any affirmative acts taken by Anderson to maintain and cultivate the trees after they were planted. The record shows that Anderson merely planted the trees in the early 1960s and then only watched them grow for the next thirty years. Sufficient evidence therefore did not exist to support the trial court's finding that Anderson "maintained and cultivated" the trees as her own.
The issue then becomes whether the planting of a line of trees, without more, shows that a claimant treated the land as her own "as against the world throughout the statutory period." Chaplin, 100 Wash.2d at 861, 676 P.2d 431. Anderson vigorously maintains that her acts constitute hostile possession due to the character and use she made of the land. Basically, she argues that the line of trees served as a fence, enclosing her backyard and requiring little if any maintenance through the years. The Hudaks respond that a claimant must take affirmative acts to treat the land as his or hers; the mere planting of a line of trees is insufficient.
What constitutes possession or occupancy of property for purposes of adverse possession necessarily depends upon the nature, character, and locality of the property involved and the uses to which it is ordinarily adapted or applied. Frolund v. Frankland, 71 Wash.2d 812, 817, 431 P.2d 188 (1967), overruled on other grounds in Chaplin v. Sanders, 100 Wash.2d 853, 676 P.2d 431 (1984). When a claimant does everything a person could do with particular property, it is evidence of the open hostility of the claim. Hunt v. Matthews, 8 Wash.App. 233, 237, 505 P.2d 819 (1973), overruled on other grounds in Chaplin v. Sanders, 100 Wash.2d 853, 676 P.2d 431 (1984). Thus, the necessary occupancy and use of the property need only be of the character that a true owner would assert in view of its nature and location. Frolund, 71 Wash.2d at 817, 431 P.2d 188; see, e.g., Howard v. Kunto, 3 Wash.App. 393, 477 P.2d 210, review denied, 78 Wash.2d 996 *309 (1970), overruled on other grounds in Chaplin v. Sanders, 100 Wash.2d 853, 676 P.2d 431 (1984) (holding that summertime-only possession and use of vacation property are sufficient to establish adverse possession).
Evidentiary difficulties arise in proving that one owner "possesses" or "uses" a line of trees to the exclusion of another. But the adverse possession cases cited by Anderson do not support her position. In each of the cases cited by AndersonFrolund, Chaplin, and Reitz v. Knight, 62 Wash.App. 575, 814 P.2d 1212 (1991)the parties furnished some evidence of usage of the disputed property during the statutory period. This usage included acts such as clearing land, mowing grass, and maintaining shrubs and plants. In Otto v. Cornell, 119 Wis.2d 4, 349 N.W.2d 703 (1984), a strikingly similar case, the claimant mistakenly planted a line of trees on what he thought marked the boundary between his lot and his neighbor's lot. The court found that the claimant established adverse possession up to the tree line because evidence showed that the claimant planted the trees to mark his boundary; he replaced a tree that had been destroyed with another tree; he at all times claimed, maintained, and occupied the land around the trees; and he posted a thermometer on one of the trees. Otto, 349 N.W.2d at 705-06.
Conversely, Anderson produced absolutely no evidence that she even sporadically maintained and cultivated the trees or the land immediately surrounding the trees throughout the statutory period; the record indicates that she merely planted the trees. Based upon the cases cited, a person claiming adverse possession must and would take some steps to care for the trees. Thus, Anderson did not do "everything a person could do" with the line of trees. Hunt, 8 Wash.App. at 237, 505 P.2d 819. Anderson therefore fails her burden of proving hostile possession, and the trial court erred in finding that Anderson proved all elements of adverse possession.

II
The trial court further erred in concluding that Anderson's possession was "open and notorious." The open and notorious requirement is met if (1) the true owner has actual notice of the adverse use throughout the statutory period, or (2) the claimant uses the land so that any reasonable person would assume that the claimant is the owner. Chaplin, 100 Wash.2d at 863, 676 P.2d 431. In other words, the claimant must show that the true owner knew, or should have known, that the occupancy constituted an ownership claim. Kesinger v. Logan, 51 Wash.App. 914, 921, 756 P.2d 752 (1988), aff'd 113 Wash.2d 320, 779 P.2d 263 (1989).
Anderson produced no evidence that any of the owners since 1977 had actual notice of her adverse possession claim of the trees. Moreover, she produced no evidence that she used the land so that any reasonable person would assume that she was the owner. As discussed above, Anderson did not show that she or her family ever maintained or cultivated the trees. Also, because the trees were planted in the early 1960s, not even the act of planting the trees occurred between 1977 and 1991, the prescriptive period claimed by Anderson in her complaint.
With no evidence of affirmative acts of ownership, Anderson failed to prove that she used the land so "that any reasonable person would assume [that the claimant] is the owner." Chaplin, 100 Wash.2d at 863, 676 P.2d 431. In short, there was insufficient evidence to support the trial court's finding that Anderson's possession was open and notorious.

III
Our holding that the elements of adverse possession of the trees were not supported by evidence disposes of the other conclusion that there should be a 5-foot area granted to Anderson from the trunks of the trees. There is no testimony that the trees branches extended for the 5-foot area during the period of adverse possession.
Finally, the easement that was granted in the airspace of the Hudaks' property to preserve and protect the branches of the trees with rights of access has no basis in any fact. Anderson never maintained the trees in the past since their planting, nor is there support in law for the granting of this *310 legal interest in the Hudak property. The trial court erred.
We reverse.
FLEISHER, J., and CHARLES K. WIGGINS, J. Pro Tem, concur.