[No. 35303. Department Two. January 26, 1961.]

LAURENCE J. CUILLIER *et al., Respondents*, v. B. HOWARD COFFIN *et al., Appellants.*[1]

[1]Reported in 358 P. (2d) 958.

*Tonkoff, Holst & Hopp,* for appellants.

*Halverson, Applegate & McDonald* and *Walter E. Weeks, Jr.,* for respondents.

HILL, J.—The principal issue in this case is whether the defendants had a prescriptive right to use an orchard road along a portion of the south line of the plaintiffs' property (east half of the southwest quarter of the northwest quarter of a certain section which we will refer to as Section 29).

The plaintiffs asked that the defendants be enjoined from trespassing thereon and for damages to certain young fruit trees planted on or in close proximity to the orchard road.

The defendants, who owned the east half of the northwest quarter of the southwest quarter of the same section, asserted a prescriptive right to use of the roadway by their cross-complaint.

The trial court determined that the defendants had not established their claimed prescriptive right; granted the injunction and awarded damages for injuries to plaintiffs' young fruit trees caused by acts of the defendants.

The defendants appeal, conceding the issue of adverse possession is one of fact and that this court will not weigh the testimony in such a case, but will only examine the record to determine whether there is credible evidence to

sustain the findings of the trial court. They urge, however, that they have established their prescriptive right by a clear preponderance of the evidence.

If we assume the use of the orchard road in question, by the defendants and their predecessors in interest for the requisite period of time (and there is evidence to the contrary), we are still confronted with the issue of whether the use was adverse or permissive.

The defendants assert that it could not have been permissive, because the plaintiffs and their predecessors in interest testify that no permission was ever asked and none was ever granted until 1957, which was long after the time when the prescriptive right, if any, had attached.

The fact that no permission was expressly asked, and that no permission was expressly given, does not preclude a use from being permissive under the circumstances of this case.

There was evidence that the plaintiffs' predecessors in interest had first used this orchard roadway, along the south line of their property, and that it had then been used by their neighbors (the defendants' predecessors in title) to the south in connection with the operation of the orchard on the northern portion of their property. There was no asking of permission, but neither was there any action that was, in itself, indicative of a claim of a right to use it.

The most that can be said for the defendants' case is that their evidence established a use without formal permission for the prescriptive period. It is the position of the defendants that such use for the prescriptive period having been established, there was a presumption that their use was adverse and that the burden was then upon the owner to show the use was permissive. Some of our opinions so state. *Hovila v. Bartek* (1956), 48 Wn. (2d) 238, 292 P. (2d) 877; *Gray v. McDonald* (1955), 46 Wn. (2d) 574, 283 P. (2d) 135; *Todd v. Sterling* (1954), 45 Wn. (2d) 40, 273 P. (2d) 245; *Sharp v. Kieszling* (1950), 35 Wn. (2d) 620, 214 P. (2d) 163; *King County v. Hagen* (1948), 30 Wn. (2d)

847, 194 P. (2d) 357; *Northwest Cities Gas Co. v. Western Fuel Co.* (1942), 13 Wn. (2d) 75, 123 P. (2d) 771.

We think, however, a more accurate statement, based on the results and holdings in all of our cases, would be that such unchallenged use for the prescriptive period is a circumstance from which an inference may be drawn that the use was adverse. Such unchallenged use is but one circumstance, and there may well be a combination of circumstances from which the trier of the facts could determine that such use was permitted as neighborly courtesy and was not adverse. *Roediger v. Cullen* (1946), 26 Wn. (2d) 690, 175 P. (2d) 669, *State ex rel. Shorett v. Blue Ridge Club* (1945), 22 Wn. (2d) 487, 156 P. (2d) 667.

■ Another circumstance to be considered is who made the road and who used it. If one, for his exclusive use, makes a road across the land of another and uses it for the prescriptive period, it is much more persuasive of adverse use than if the claimant had merely used a road for the prescriptive period, which had been used first by the owner of the property and who continued, at all times, to use the road for his own purposes. Indeed, the latter circumstance, we have consistently held, justifies the inference that such use by the nonowner is with the permission of the owner. It signifies only that the owner is permitting his neighbor to use the road in a neighborly way. *Spokane v. Catholic Bishop of Spokane* (1949), 33 Wn. (2d) 496, 206 P. (2d) 277; *Roediger v. Cullen, supra;* and *State ex rel. Shorett v. Blue Ridge Club, supra.*

The rule is stated, as follows:

"Where the way in question is shown to have been opened or maintained by the owner of the soil for his own benefit, and the claimant's use of it appears to have been merely in common with him, no presumption arises that the latter's use of it was adverse or under a claim of right. In the absence of additional circumstances pertaining to the origin or nature of the claimant's use, and expressing a purpose to impose a separate servitude upon the land, the use is presumed to be permissive only." 170 A. L. R. 825.

The record is devoid of anything to show a purpose, by the defendants and their predecessors in interest, to impose a separate servitude upon the plaintiffs' land as distinguished from a neighborly and permissive use.

The trial court was clearly entitled to find, from all of the circumstances, the ultimate fact that the defendants' use of the road was permissive and not adverse. Whether or not we would have made the same finding (and we would) is not material; the finding of the trial court on factual issues will not be disturbed where credible evidence and the legitimate inferences therefrom sustain it. *Thorndike v. Hesperian Orchards, Inc.* (1959), 54 Wn. (2d) 570, 575, 343 P. (2d) 183, and cases cited.

We find no evidence, nor do defendants indicate any, which would establish that the parties had laid out a way between their lands for their mutual use, as urged in assignment of error No. 19.

■ The trial court ordered that a certain "roadway as it now exists along the southerly portion" of the west half of the southwest quarter of the northwest quarter of Section 29 (owned by plaintiffs), and the "northerly portion" of the west half of the northwest quarter of the southwest quarter of Section 29 (owned by defendants) "may be used" by both parties for "ingress and egress to their respective properties." (It will be noted from the description of the government subdivisions involved, that the orchard road, over which defendants claimed a prescriptive right of way, was an extension eastward of the roadway described in this paragraph.)

Defendants complain that the extent of the easement thus recognized is not properly defined. It seems to us that a certain "roadway as it now exists," is an adequate description.

■ There is no merit in defendants' contention that because the "roadway as it now exists" is, in large part, on their land, that equity requires that they be given the use of the orchard road extending eastward across the plaintiffs' land, even though no prescriptive right thereto

was established. This is a *non sequitur*. Any right to use the property of another must be definitely established.

The judgment of the trial court is affirmed.

FINLEY, C. J., WEAVER, ROSELLINI, and FOSTER, JJ., concur.

[1]Reported in 358 P. (2d) 966.