[No. 5-39854-1.    Division One.    July 6, 1970.]
Panel 2

CHARLES J. MILLER et al., *Appellants*, v. ROGER D. JARMAN
et al., *Respondents*.

*Jones, Grey, Kehoe, Bayley, Hooper & Olsen* and *Richard
I. Sampson,* for appellants.

*Houger, Garvey & Schubert* and *Nyle G. Barnes,* for
respondents.

UTTER, J.—The Millers brought this action against their
neighbors, the Jarmans, seeking a permanent injunction
against the Jarmans' interference with an alleged easement
for ingress and egress to and from the Millers' garage.

The Millers claim they have established an easement by
prescription over and across the Jarmans' driveway which
lies immediately north of the platted common boundary
line of the parties. All the elements necessary to establish
an easement by prescription were established except ad-

verse use. *Roediger v. Cullen,* 26 Wn.2d 690, 175 P.2d 669 (1946). The trial court found the use of the Jarmans' portion of the common driveway by the Millers and their predecessors was permissive, and concluded an easement by prescription had not been established. The Millers appeal.

The sole question presented by this appeal is whether there is substantial evidence to support the trial court's finding the use of the Jarmans' driveway by the Millers and their predecessors was permissive.

The Millers and Jarmans own adjoining lots in the University District in Seattle. The lots face 19th Avenue Northeast and are framed by an alley to the rear. Parallel to and abutting the alley are two concrete driveways in front of the respective garages of the parties. The exact date the respective driveways were constructed remains unclear, although installation occurred sometime prior to 1927. The Millers' single garage faces north, while the Jarmans' double garage faces south. These short concrete drives join at a point which approximates the platted boundary line between the two lots.

For over 40 years the respective owners of these adjacent homes made mutual use of each other's driveways for purposes of ingress and egress to their respective garages. There was no evidence of any discussion among the respective property owners concerning mutual use of the driveways until September, 1966.

A critical shortage of parking for roomers in the University area existed and the Jarmans, who rented rooms in their house, conceived a plan to convert their driveway, as well as the remainder of their yard and garage area, into permanent multiple parking. They ceased using their garage for parking, and painted a white line and erected a small barricade at the platted boundary which divides the driveways.

The Millers obtained a temporary injunction and commenced the present action seeking a permanent injunction

and an adjudication that they are vested with an easement for ingress and egress across the Jarmans' driveway.

■ Whether use is adverse or permissive is a question of fact. *Northwest Cities Gas Co. v. Western Fuel Co.,* 13 Wn.2d 75, 123 P.2d 771 (1942), (modified on other grounds by *Cuillier v. Coffin,* 57 Wn.2d 624, 358 P.2d 958 (1961)). The trial court must examine all the circumstances surrounding each case. Unchallenged use for the prescriptive period is a circumstance from which an inference of adverse use may be drawn. Such unchallenged use is, however, but one circumstance, and there may well be a combination of circumstances from which the trier of the facts could determine that such use was permitted as neighborly courtesy and was not adverse. *Cuillier v. Coffin, supra.*

There are a number of circumstances in this case which are supportive of a determination that use was permitted as a neighborly courtesy and was, therefore, permissive. The testimony indicated there was a close friendly relationship between the Millers and the Jarmans' predecessor in interest. We recognize hostility does not necessarily import enmity or ill will and can be found even if a friendly relationship exists between the parties. Hostility, in the legal sense, may exist when friendly relations are present, but hostility is not necessarily present in these circumstances. A friendly relationship between parties is a circumstance more suggestive of permissive use than adverse use and the trial court was free to find use was permitted as neighborly courtesy.

There was no testimony regarding the initial discussions involving use of the driveway. The court could have found and concluded the parties were friendly. Each needed to use the other's driveway in order to gain ingress and egress to his garage. The court could also have concluded the reciprocal use of the driveways was with full knowledge of the property owners. Under these circumstances, it is reasonable to infer the use was permitted by neighborly sufferance or acquiescence. *See Roediger v. Cullen, supra.*

Another circumstance to be considered is the construc-

tion and use of the driveway. There is no evidence about the construction of the Jarmans' driveway. It is clear, however, both parties used the driveway. The use of the Jarmans' driveway by the Millers did not in anyway interfere with the use of the driveway by the Jarmans. This circumstance also justifies the inference that such use by the nonowner is with the permission of the owner and signifies the owner is permitting his neighbor to use the driveway in a neighborly way. *See Cuillier v. Coffin, supra.*

The Millers urge the trial court should have found their use of the Jarmans' driveway adverse due to the nature and location of the property involved and argue people would not construct permanent concrete common driveways, the use of which is dependent on the continued permission of the other party. We agree the joint efforts of adjacent property owners in constructing a common driveway to be utilized by both is a circumstance tending to indicate adverse use, or use under a claim of right. We note, however, that in this case there is no evidence the driveways were constructed as a result of the joint efforts of the then adjacent property owners. The trial court did not find these were common driveways, and the evidence does not compel such a finding. There was testimony which indicated the driveways appeared to have been poured at different times and division of the concrete slabs is located approximately at the boundary between the two properties.

The memorandum decision of the court did refer to the driveways as common driveways; however, the formal findings are devoid of any such reference. Where there is a discrepancy between a memorandum decision and the findings of fact, the latter controls. *Estate of Mayer v. Kromm,* 43 Wn.2d 258, 260 P.2d 888 (1953).

The trial court was entitled to find, from all of the circumstances, that the use of the Jarmans' driveway by the Millers was permissive and not adverse and the findings of the trial court on factual issues will not be dis-

turbed if there is substantial evidence in the record to sustain them.

The judgment is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied September 14, 1970.