[No. 238-41081-1.   Division One—Panel 2.   November 30, 1970.]

A. H. SPEAR, *Appellant,* v. PASQUALE BASAGNO, *Respondent.*

*Miracle & Pruzan* and *H. S. Sanford,* for appellant.

*Herbert I. Lakefish,* for respondent.

UTTER, J.—A. H. Spear brought an action in which he

attempted to establish title by adverse possession to property of Pasquale Basagno. The case was tried to the court without a jury. At the conclusion of Spear's case, the trial court found Spear's use of the property was permissive in nature at its inception and continued to be permissive at all times material to the case and that the use was not adverse, but was permitted by Basagno as an act of neighborly sufferance and acquiescence.

Whether use is adverse or permissive is a question of fact. *Northwest Cities Gas Co. v. Western Fuel Co.*, 13 Wn.2d 75, 123 P.2d 771 (1942), modified on other grounds by *Cuillier v. Coffin*, 57 Wn.2d 624, 358 P.2d 958 (1961); *Miller v. Jarman*, 2 Wn. App. 994, 471 P.2d 704 (1970).

In a case tried to the court, the judge is permitted to weigh the evidence and to make findings of fact in ruling on the defendant's motion challenging the sufficiency of the evidence. Those findings of fact will be accepted on appeal if there is substantial evidence in the record to support them. *Hughes v. Stusser*, 68 Wn.2d 707, 415 P.2d 89 (1966).

Unchallenged use for the prescriptive period of time is a circumstance from which an inference of adverse use can be drawn. Such use is but one circumstance and does not compel a finding the use was not permitted as a neighborly courtesy. *Cuillier v. Coffin, supra.*

The trial court's findings of fact are supported by substantial evidence and we will not substitute our judgment for that of the trial court on a disputed factual issue.

The judgment is affirmed.

HOROWITZ, A. C. J., and WILLIAMS, J., concur.

Petition for rehearing denied January 14, 1971.

Review denied by Supreme Court March 1, 1971.