[No. 46266-1-I.   Division One.   June 4, 2001.]

LANA J. FAULKNER, *Appellant*, v. RACQUETWOOD VILLAGE CONDOMINIUM ASSOCIATION, ET AL., *Respondents*.

[6] *Apprendi*, 530 U.S. at 490.

[7] *Apprendi*, 530 U.S. at 496.

*Terrence L. Burns* (of *Burns and Ells*), for appellant.

*William E. Gibbs* (of *Bergman Gibbs & Lassman*); *William L. Williams* (of *Williams & Williams*); and *Thomas R. Merrick* and *Jerret E. Sale* (of *Bullivant Houser Bailey*), for respondents.

APPELWICK, J. — In this appeal, the court is asked to determine whether an owner of an individual condominium unit owes a duty to protect or warn a tenant about foreseeable criminal conduct on the premises of the complex when the owner has no control over the common areas. We

conclude that an owner does not have such a duty in the absence of control over the common areas. Accordingly, we affirm the summary judgment dismissal of plaintiff's claim.

## FACTS

Lana Faulkner was raped at the Racquetwood Village Condominiums in Lynnwood on the evening of March 2, 1993. Her assailant was hidden in an unlit common area near her unit. As Faulkner was locking the door to her unit, her assailant approached her from behind, presented what appeared to be a weapon and ordered her to unlock the door. Once inside the unit, the assailant sexually assaulted Faulkner.

Faulkner filed the present civil suit in February 1996. In her complaint, Faulkner listed four defendants. She sought to sue (1) Lamont and Georgann Davis, the owners of the unit that she lived in; (2) MacPherson's Property Management, who acted as the Davises' property manager for their unit; (3) Racquetwood Village Condominium Association; and (4) Property Concepts, Inc., a corporation that the Association had contracted with to manage the common areas of the property.

In July of 1996, all defendants moved for summary judgment dismissal. The trial court denied the Association and Property Concepts' motion. As for the Davises and MacPherson's, the court granted their motion, and dismissed Faulkner's complaint against them. The court concluded that no duty could be imposed on the Davises or MacPherson's because they had no control over the common areas of the property.

Faulkner appeals, claiming that this court in *Griffin v. West RS, Inc.*, 97 Wn. App. 557, 984 P.2d 1070 (1999) (concluding that the jury's finding that the landlord did not proximately cause the plaintiff's injuries made the issue of duty irrelevant), *rev'd*, 143 Wn.2d 81, 18 P.3d 558 (2001), clearly established a duty to warn a tenant about foresee-

able criminal conduct on the premises regardless of whether the landlord has control over the common areas.

## DISCUSSION

■■ In a negligence action, the plaintiff must prove four basic elements: (1) the existence of a duty, (2) breach of that duty, (3) resulting injury, and (4) proximate cause. *Tincani v. Inland Empire Zoological Soc'y*, 124 Wn.2d 121, 127-28, 875 P.2d 621 (1994). Whether a duty exists is a question of law, which we review de novo. *Degel v. Majestic Mobile Manor, Inc.*, 129 Wn.2d 43, 48, 914 P.2d 728 (1996).

The plaintiff in *Griffin*, 97 Wn. App. 557, sued the apartment complex for negligently violating its alleged duty to protect her from harm. The plaintiff had informed the apartment manager, Trammel Crow, that she noticed that someone had been in her apartment, and that she believed that the individual had entered through the crawl space in her closet. Trammel Crow fastened the opening with a two-by-four but took no further action. Nevertheless, a man from an adjacent apartment was able to enter the plaintiff's home. The man attacked the plaintiff and admitted that he entered her apartment through the crawl space.

■■ On appeal, this court held that a special relationship *may* exist between a landlord and tenant. The court recognized that under common law, there was no duty to protect others from the criminal acts of a third person. *Griffin*, 97 Wn. App. at 563. But where a "special relationship arises because the tenant entrusts to the landlord the responsibility to deal with issues that arise from the landlord's control of the common areas of the premises," a legal duty is owed by the landlord to the tenant. *Griffin*, 97 Wn. App. at 570. The court found that it is consistent with common law principles to impose a duty on the landlord to maintain common areas safely when the landlord controls that space:

> Trammell Crow controlled that space, not Griffin. It was not part of the premises leased by the tenant. The significance of

this fact is that a landlord controls common areas and, consistent with common law principles, has a duty to maintain those common areas safely.

*Griffin*, 97 Wn. App. at 568 (footnote omitted). Contrary to Faulkner's claim, a landlord's duty to protect the tenant from foreseeable criminal conduct in the common areas can arise when the landlord exerts control over that area.

In the present case, it is undisputed that Faulkner was attacked outside her unit, in the common area of the condominium complex. The Davises and MacPherson's did not have control over the common areas. The Association and Property Concepts were entrusted with the responsibility with managing the common areas. Because neither the Davises nor MacPherson's had the right or the duty to control the common areas of the complex, the trial court properly dismissed Faulkner's complaint against them on summary judgment.

The Davises request attorney fees and costs incurred on appeal pursuant to RAP 18.1. Rule 18.1(a) provides for attorney fees "[i]f applicable law grants to a party the right to recover reasonable attorney fees or expenses on review." The Davises have failed to cite to the applicable law, statute or contract that grants them attorney fees. Merely citing to RAP 18.1 is insufficient for an award of fees. We decline to award attorney fees.

Affirmed.

COLEMAN and GROSSE, JJ., concur.

Review denied at 145 Wn.2d 1011 (2001).