FILED
COURT OF APPEALS
DIVISION II

2014 JAN 28 AM 9: 55

STATE OF WASHINGTON
BY_____
          DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| JEFF BOWLBY, and STEFANIE PLOWMAN, | No. 43723-6-II |
| Respondents, | |
| v. | |
| SCOTT F. WILLIAMS, and DONNA M. WILLIAMS, as individuals, and the marital community composed thereof, | UNPUBLISHED OPINION |
| Appellants. | |

WORSWICK, C.J. — In this property dispute between neighboring landowners, Scott and

Donna Williams (collectively, Williams) appeal from a judgment quieting title in a prescriptive

easement and assessing attorney fees against them. Williams argues that the trial court erred by

(1) determining that a prescriptive easement burdened Williams's property, (2) fashioning the

terms of an injunctive remedy, and (3) awarding reasonable attorney fees under RCW

4.24.630(1) and RCW 4.84.185. We reject Williams's first two arguments but agree with the

third. Thus we affirm the trial court's judgment quieting title, but vacate the trial court's attorney

fee award. We also deny both parties' requests for attorney fees on appeal.

## FACTS

Williams owns a five-acre property (the Williams Property) adjacent to South 52nd Street

in Tacoma. Since 1936, a gravel road (the Old Road) has traversed the Williams Property to

provide access from 52nd Street to two other properties: (1) property (the Bowlby Property)

owned by Jeff Bowlby and Stefanie Plowman (collectively, Bowlby); and (2) Jana Keller-Porter's property.

In 1969, the then-owner of the Williams Property recorded a 20-foot-wide express easement benefitting the Bowlby Property and Keller-Porter's property. In 1976, owners of the properties recorded a road maintenance agreement providing for "perpetual maintenance" of the Old Road. Plaintiff's Ex. 6. But a survey conducted in 2010 found that the Old Road lies partly outside the express easement in areas closest to the Bowlby Property.

In 2007, Keller-Porter installed a gate (the First Gate) on the Old Road near its entrance on 52nd Street. The First Gate apparently was a response to concerns about persistent trespassing onto the properties.

Shortly after Bowlby purchased the Bowlby Property in 2009, Williams told Bowlby "that he would do anything in his power to stop" Bowlby's plans to operate an adult family home there. 1 Verbatim Report of Proceedings (VRP) at 123. Williams then constructed a u-shaped road (the Bypass Road), which bypassed a portion of the Old Road. Williams also installed a gate (the Second Gate) and steel fence posts on the Old Road and "placed large piles of dirt and wooden debris on and across the Old Road," forcing traffic to use the Bypass Road instead of a portion of the Old Road. Clerk's Papers (CP) at 380. Unlike the blocked section of the Old Road, the Bypass Road did not lie within the express easement. According to Bowlby, the Bypass Road was also impassable by moving and delivery trucks needed to launch and sustain an adult family home.

Bowlby filed a complaint against Williams on June 28, 2011, and an amended complaint on July 1, 2011. The amended complaint asserted three causes of action: (1) "trespass upon

2

[Bowlby]'s right of easement"; (2) the tort of outrage, i.e., intentional infliction of emotional distress; and (3) a request for a permanent injunction. CP at 19. Williams denied the allegations, asserted nine affirmative defenses, and counterclaimed for a declaratory judgment determining the precise location of any easement benefitting the Bowlby Property.[1]

At a bench trial, Williams elicited testimony from previous owners of the Bowlby Property concerning the status of the Old Road and the express easement. Each of Bowlby's predecessors had assumed that the Old Road was entirely within the express easement.

After the trial, the trial court ruled that the entire Old Road lay on the Williams Property within *either* the express easement *or* a prescriptive easement benefitting the Bowlby Property. Accordingly, the trial court quieted title to the easement in Bowlby and further awarded declaratory and injunctive relief. The trial court enjoined Williams to restore the Old Road to its previous condition by removing the Second Gate, the dirt and debris, and the fence posts. However, the trial court allowed the First Gate to remain in place and established terms for its operation.

Bowlby then moved for attorney fees. The trial court granted Bowlby's request for attorney fees under RCW 4.24.630(1), explaining:

> I believe [Williams] forced litigation in this particular case without the legal authority or with any rights that were worthy of litigation. And I'm going to award attorney's fees requested by counsel. . . .
> I don't believe that this should cost [Bowlby] a nickel because [he] did nothing wrong. And I believe that both RCW 4.24.630 as well as [RCW

---

[1] In a listing of affirmative defenses, Williams asserted (1) failure to state a claim upon which relief may be granted, (2) assumption of risk, (3) abandonment of the easement, (4) "[t]ermination of [the] easement by adverse possession," (5) laches, (6) estoppel, (7) failure to mitigate damages, (8) statute of limitations, and (9) modification of the easement.

4.84.185] which allows fees for frivolous lawsuits gives this Court equitable power to award these fees.

4 VRP at 494. Accordingly, the trial court's written findings and conclusions and its judgment based an attorney fee award on both RCW 4.24.630(1) and RCW 4.84.185.

Williams appeals.

## ANALYSIS

### I. PRESCRIPTIVE EASEMENT

Williams first argues that the trial court erred when determining that a prescriptive easement burdened his property. We disagree.

When reviewing a trial court's decision following a bench trial, we determine whether substantial evidence supports the findings of fact and, if so, whether the findings of fact support the conclusions of law. *Zunino v. Rajewski*, 140 Wn. App. 215, 220, 165 P.3d 57 (2007). Substantial evidence is a sufficient quantity of evidence to persuade a fair-minded, rational person that the finding is true. *Bering v. Share*, 106 Wn.2d 212, 220, 721 P.2d 918 (1986). We review conclusions of law de novo. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

Whether a party has established the elements of a prescriptive easement is a mixed question of law and fact. *Petersen v. Port of Seattle*, 94 Wn.2d 479, 485, 618 P.2d 67 (1980); *Lee v. Lozier*, 88 Wn. App. 176, 181, 945 P.2d 214 (1997). Thus, the existence of essential facts is a question of fact reviewed for substantial evidence, but whether the facts as found establish a prescriptive easement is a question of law reviewed de novo. *Lee*, 88 Wn. App. at 181; *see Chaplin v. Sanders*, 100 Wn.2d 853, 863, 676 P.2d 431 (1984).

Prescriptive easements are not favored in the law because they necessarily diminish another person's rights over his property. *Nw. Cities Gas Co. v. W. Fuel Co.*, 13 Wn.2d 75, 88, 123 P.2d 771 (1942). To establish a prescriptive easement on another person's land, the person claiming the easement must show that his use of the land has been (1) open and notorious, (2) continuous and uninterrupted over the prescriptive period,[2] (3) over a uniform route, (4) adverse to the owner of the land, and (5) with the owner's knowledge at a time when the owner could have asserted his legal rights to the land. *Nw. Cities*, 13 Wn.2d at 85. Williams challenges only the fourth element: he argues that the evidence fails to show that use of the Old Road outside the express easement was adverse to the owner of the land.

Adverse use of real property occurs when the claimant uses it as an owner would, without asking for permission, and so as to assert a claim of right to use it. *Malnati v. Ramstead*, 50 Wn.2d 105, 108, 309 P.2d 754 (1957). Conversely, a use is not adverse if it is permissive. *See Cuillier v. Coffin*, 57 Wn.2d 624, 626-27, 358 P.2d 958 (1961). A use that is permissive at its inception can become adverse at a later time only if the claimant asserts a right that is adverse to the owner. *Nw. Cities*, 13 Wn.2d at 84.

The parties dispute whether we should presume that the use of the Old Road outside the express easement was adverse or permissive. Regardless, the party who claims the benefit of a prescriptive easement bears the burden of proving each element of a prescriptive easement. *Nw. Cities*, 13 Wn.2d at 84. However, with respect to the element of adversity, the burden shifts to the owner of the land when the claimant establishes that his use has been (1) open and notorious

---

[2] The prescriptive period is 10 years. *Nw. Cities*, 13 Wn.2d at 83. When determining whether the period has passed, the court considers use of the land by the claimant's predecessors as well as the claimant. *See Nw. Cities*, 13 Wn.2d at 88.

5

and (2) continuous and uninterrupted for the prescriptive period.[3] *Nw. Cities*, 13 Wn.2d at 85; *see* 17 WILLIAM B. STOEBUCK & JOHN W. WEAVER, WASH. PRACTICE: *Real Estate: Property Law* § 2.7, at 102 (2d ed. 2004). A claimant's unchallenged use of a road on another person's property "is a circumstance from which an inference may be drawn that the use was adverse," although other circumstances may convince the trier of fact that the use was permissive. *Cuillier*, 57 Wn.2d at 627.

The record here provides substantial evidence supporting the trial court's finding that Bowlby and his predecessors used the Old Road under "a claim of right that was hostile [i.e., adverse] to the owners of the [Williams Property]." CP at 378. The trial court found that (1) Bowlby and his predecessors used the Old Road to access the home on the Bowlby Property and (2) the Old Road lies partly inside and partly outside the express easement on the Williams Property.[4] Further, Bowlby's predecessors testified that they used the Old Road to access the Bowlby Property under the belief that the Old Road lay entirely within the express easement. Although this belief was mistaken, it shows that Bowlby's predecessors used the part of the Old Road lying outside the express easement under a claim of right and not with permission. *See* *Cuillier*, 57 Wn.2d at 627.

---

[3] This burden-shifting rule does not apply "to vacant, open, uninclosed, unimproved lands." *Nw. Cities*, 13 Wn.2d at 85-86. But the land at issue here is a gravel road located on residential property in Tacoma.

[4] Finding of fact 7 is a verity on appeal because it is unchallenged. *See In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). Although Williams assigned error to finding of fact 7, his brief fails to argue that finding of fact 7 lacks support in the record. Thus Williams waived this assignment of error. *Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

As a matter of law, this claim of right was adverse to the owners of the Williams Property. *See Malnati*, 50 Wn.2d at 108. Bowlby's predecessors used the entire Old Road as though they owned the right to use it; they did not ask permission of the owner of the Williams Property.

Arguing to the contrary, Williams relies on the testimony of Bowlby's predecessor, William Bennison. But Bennison's testimony does not support Williams's contention. Bennison testified that he asked for and received Williams's permission to install gravel on *another* portion of the Williams Property laying *outside* the area of the Old Road. In contrast, Bennison did not ask permission to refresh the gravel on the existing Old Road because the "entire easement as [he] knew it" was the entire Old Road. 2 VRP at 308. Thus Bennison used the Old Road under an adverse claim of right.

Williams further argues that the use was not adverse before 2001 because Bowlby's predecessor, Celia Keller, owned both (1) the Bowlby Property and (2) the portion of the Williams Property that contains the part of the Old Road lying outside the express easement. This argument lacks merit. Keller's ownership of both lands ended in 2001, when she sold the portion of the Williams Property to Williams and she continued to live in the Bowlby Property. Assuming arguendo that the prescriptive period began as late as 2001 when Keller began to use the Old Road in a manner adverse to Williams, Williams did not challenge Bowlby's right to use the portion of the Old Road outside the express easement until filing his answer and

counterclaim in 2012.[5] By the time of Williams's challenge, the 10-year prescriptive period had elapsed. *Nw. Cities*, 13 Wn.2d at 83.

Bowlby and his predecessors used the Old Road in a manner adverse to the owners of the Williams Property. Accordingly, Williams's arguments fail.

## II. INJUNCTIVE RELIEF

Williams next argues that the trial court erred by imposing unreasonable rules for operating the First Gate. This argument lacks merit.

A trial court possesses broad discretion to fashion injunctive relief to fit the facts, circumstances, and equities of the case. *Rupert v. Gunter*, 31 Wn. App. 27, 30, 640 P.2d 36 (1982). We review the trial court's grant of an injunction and decision to establish the injunction's terms for an abuse of discretion. *Kucera v. Dep't of Transp.*, 140 Wn.2d 200, 209, 995 P.2d 63 (2000). A trial court abuses its discretion when its decision is manifestly unreasonable, based on untenable grounds, or made for untenable reasons. *Mayer v. Sto Indus., Inc.*, 156 Wn.2d 677, 684, 132 P.3d 115 (2006).

The trial court's injunctive remedy addressed both gates on the Old Road: the First Gate located near 52nd Street and the Second Gate located on the blocked portion of the Old Road. The trial court ordered Williams to remove the Second Gate, but it also allowed the First Gate to remain in place subject to terms on its operation. Those terms provide:

> The First Gate shall remain open during day light hours. Any party may close the
> First Gate after dark if they so desire, but shall not be required to do so, and if the
> First Gate is shut it shall remain closed during the hours of darkness[.] Upon the

---

[5] Although Williams blocked a portion of the Old Road by dumping debris and installing the Second Gate, the blocked portion was within the express easement. Williams did not challenge Bowlby's use of the portion of the Old Road located in the prescriptive easement until 2012.

agreement of all parties in writing, the parties may modify the gate to ease the opening and shutting of the gate.

CP at 392.[6]

Williams argues that these terms are unreasonable because they render the First Gate insufficient to ward off trespassers. We disagree. A trial court does not abuse its discretion by entering an injunction that conditions the operation of a gate on terms that equitably balance the interests of the dominant and servient landowners. *Standing Rock Homeowners Ass'n v. Misich*, 106 Wn. App. 231, 242, 23 P.3d 520 (2001).

Here, the trial court's terms equitably balanced Bowlby's use of the Old Road and Williams's interest in excluding trespassers. As the dominant estate, the Bowlby Property held a right to use the Old Road to access 52nd Street. *See City of Olympia v. Palzer*, 107 Wn.2d 225, 229, 728 P.2d 135 (1986). Owners of the servient Williams Property had an interest in maintaining the First Gate for protection from trespassers, so long as the gate did not unreasonably interfere with access to the Bowlby Property. *See Standing Rock*, 106 Wn. App. at 241 (quoting *Rupert*, 31 Wn. App. at 31). By striking an equitable balance, the trial court did not abuse its discretion. *Standing Rock*, 106 Wn. App. at 242.

Citing *Standing Rock*, 106 Wn. App. at 241, and other cases, Williams further claims that it would have been reasonable for the trial court to order the First Gate to remain closed but unlocked. But this claim fails to address the issue here: whether the trial court abused its discretion by fashioning an injunctive remedy that imposed terms on the operation of the First Gate. Williams's argument fails.

---

[6] The parties treat this provision as an injunction, but the trial court's conclusions of law refer to it as a declaratory judgment.

### III. ATTORNEY FEES

Williams further argues that the trial court erred by awarding reasonable attorney fees to Bowlby. We agree.

A court may award attorney fees only when authorized by a contract, a statute, or a recognized ground in equity. *Bowles v. Dep't of Ret. Sys.*, 121 Wn.2d 52, 70, 847 P.2d 440 (1993). The threshold question of whether a trial court is authorized to award attorney fees is a question of law, which we review de novo. *Gander v. Yeager*, 167 Wn. App. 638, 646, 282 P.3d 1100 (2012). But when attorney fees are authorized, we review an attorney fee award for an abuse of discretion. *Gander*, 167 Wn. App. at 647.

Here, the trial court based its attorney fee award on two statutes: RCW 4.24.630(1) and RCW 4.84.185. But neither statute authorized an attorney fee award under the circumstances of this case.

A.   *RCW 4.24.630(1)*

RCW 4.24.630(1) authorizes an award of treble damages, plus reasonable attorney fees and costs, payable by any "person who goes onto the land of another and who . . . wrongfully causes waste or injury to the land." *See Clipse v. Michels Pipeline Constr., Inc.*, 154 Wn. App. 573, 576-77, 225 P.3d 492 (2010). Williams claims that the statute does not support the trial court's attorney fee award for two reasons: (1) his act of piling debris onto the Old Road was not wrongful and (2) he did not go onto Bowlby's land. Although Williams's first claim lacks merit, we agree with his second.

1. *Williams Acted Wrongfully*

Claiming that the evidence is insufficient to show that he acted wrongfully, Williams points to his own testimony that he thought Bowlby agreed to use the Bypass Road. But the trial court disbelieved that testimony, finding that Bowlby did not consent to the Bypass Road's construction and did not agree to use it. Because Bowlby testified to being "pretty upset" about the Bypass Road, substantial evidence supports the trial court's finding. 1 VRP at 139; *see Bering*, 106 Wn.2d at 220. Moreover, the trial court had no obligation to believe Williams, even if his testimony had been uncontradicted. *Scanlan v. Smith*, 66 Wn.2d 601, 603-04, 404 P.2d 776 (1965).

In turn, the trial court's finding supports a legal conclusion that Williams acted wrongfully. RCW 4.24.630(1) further states that "a person acts 'wrongfully' if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act." *See Clipse*, 154 Wn. App. at 580. Because that is the case here, Williams's first claim fails.

2. *Williams Did Not Go Onto the Land of Another*

Williams next claims that the attorney fee award was erroneous as a matter of law because he did not go "onto the land of another," as RCW 4.24.630(1) requires. We agree.

An attorney fee award under RCW 4.24.630(1) is appropriate only where a tortfeasor has physically gone onto the land of another. *Colwell v. Etzell*, 119 Wn. App. 432, 438-39, 81 P.3d 895 (2003). Conversely, RCW 4.24.630(1) cannot support an attorney fee award when the tortfeasor has merely interfered with an easement on the tortfeasor's own land. *Colwell*, 119 Wn. App. at 439.

11

Here, the trial court based its attorney fee award on the injury Williams caused to Bowlby's "real property interests," i.e., the express easement in the Old Road, *without* finding that Williams had physically gone onto Bowlby's land. CP at 384. Thus the trial court's attorney fee award was erroneous under *Colwell*, 119 Wn. App. at 438-39.

Arguing to the contrary, Bowlby asserts that *Colwell* reversed an attorney fee award solely because the tortfeasor did not act *wrongfully*.[7] This assertion is incorrect. *Colwell* held that an attorney fee award was inappropriate for two reasons: (1) the tortfeasor did not physically go onto the land of another and (2) the tortfeasor did not act wrongfully. *Colwell*, 119 Wn. App. at 441-42; *see id.* at 444 (Sweeney, J., concurring) (agreeing with the majority that RCW 4.24.630 did not authorize an attorney fee award because no physical trespass occurred).

Bowlby further relies on *Saddle Mountain Minerals, LLC v. Santiago Homes, Inc.*, 146 Wn. App. 69, 78-79, 189 P.3d 821 (2008). But this case is unavailing. In *Saddle Mountain*, a mining company owned the mineral rights in land, and a developer owned the surface rights in the same land. 146 Wn. App. at 71. After the developer removed minerals from the land, the mining company brought a claim under RCW 4.24.630(1) and moved for summary judgment on liability. 146 Wn. App. at 73, 79. Division Three held that summary judgment was inappropriate because a genuine issue of material fact existed on whether the developer's actions were wrongful. 146 Wn. App. at 79. But Division Three's opinion said nothing about whether the developer had gone onto the land of another. *See* 146 Wn. App. at 78-79.

---

[7] In a footnote, Bowlby also claims that his interpretation of *Colwell* "appears consistent with" our unpublished decision in *Noonan v. Thurston County*, No. 41433-3-II, 2012 WL 1941805 (Wash. Ct. App. 2012). Br. of Resp't at 25 n.12. This claim effectively cites *Noonan* as authority, in violation of GR 14.1(a); thus, we do not further consider *Noonan*.

Finally, Bowlby asserts that his claim to attorney fees under RCW 4.24.630(1) is supported by our Supreme Court's recent decision in *Affiliated FM Ins. Co. v. LTK Consulting Servs., Inc.*, 170 Wn.2d 442, 458, 243 P.3d 521 (2010) (lead opinion, signed by only two justices). This assertion lacks merit. In *Affiliated*, the lead opinion defined an easement and parenthetically quoted an encyclopedia: "'The owner of an easement whose right has been invaded and injured or destroyed has a right of action therefor.'" 170 Wn.2d at 458 (quoting 28A C.J.S. *Easements* § 243, at 466 (2008)). But nothing in *Affiliated* addresses RCW 4.24.630(1) or attorney fees. RCW 4.24.630(1) cannot support the trial court's attorney fee award. *Colwell*, 119 Wn. App. at 438-39.

B.      *RCW 4.84.185*

Williams next argues that the trial court abused its discretion by basing its attorney fee award on RCW 4.84.185. We agree.

RCW 4.84.185 authorizes the trial court to award the prevailing party reasonable expenses, including attorney fees, for opposing a frivolous "action, counterclaim, cross-claim, third party claim, or defense." *See Biggs v. Vail*, 119 Wn.2d 129, 133, 830 P.2d 350 (1992). But under RCW 4.84.185, an attorney fee award is appropriate only when an action or a defense is frivolous *when viewed as a whole*. *Biggs*, 119 Wn.2d at 137. In other words, all claims asserted must be frivolous to support an attorney fee award. *See State ex rel. Quick-Ruben v. Verharen*, 136 Wn.2d 888, 904, 969 P.2d 64 (1998). An action or defense is frivolous if, considering the action or defense in its entirety, it cannot be supported by any rational argument based in fact or law. *Dave Johnson Ins., Inc. v. Wright*, 167 Wn. App. 758, 785, 275 P.3d 339, *review denied*, 175 Wn.2d 1008 (2012).

13

Here, the trial court awarded attorney fees to Bowlby under RCW 4.84.185 based on its finding that Williams's counterclaim and defense were frivolous. But in his answer and counterclaim, Williams denied liability for the tort of outrage. The trial court ultimately agreed with Williams and denied Bowlby's claim based on the tort of outrage. Thus Williams's counterclaim and defense were *not* frivolous as a whole, no matter how many of his other claims could not be supported by any rational argument based in fact or law. *Biggs*, 119 Wn.2d at 137; *Dave Johnson*, 167 Wn. App. at 785.

Therefore, RCW 4.84.185 cannot support an award of reasonable attorney fees to Bowlby. Because the trial court lacked authority to award attorney fees under the circumstances of this case, we vacate the attorney fee award.

## ATTORNEY FEES ON APPEAL

Both parties request attorney fees on appeal. A party may recover reasonable attorney fees on appeal if applicable law authorizes the award. RAP 18.1(a).

Williams asserts that, if he prevails on appeal, he is "entitled to fees on appeal pursuant to RAP 18.1." Br. of Appellant at 36. But Williams fails to identify any applicable law authorizing such an award. "Merely citing to RAP 18.1 is insufficient for an award of fees." *Faulkner v. Racquetwood Vill. Condo. Ass'n*, 106 Wn. App. 483, 487, 23 P.3d 1135 (2001).

Bowlby seeks attorney fees on appeal under RCW 4.24.630(1) and 4.84.185. As discussed above, neither statute supports an award of attorney fees to Bowlby. Therefore we deny each party's request.

14

No. 43723-6-II

We affirm the trial court's judgment quieting title, but we vacate its award of attorney fees to Bowlby.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Hunt, J.

Penoyar, J.

15