FILED
COURT OF APPEALS
DIVISION II

2014 APR 15 AM 8: 56

STATE OF WASHINGTON

BY_____
DEPUTY

# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION II

| | |
|---|---|
| PHILIP BRENT PLATTNER, as Trustee of the PHILIP BRENT PLATTNER TRUST, | No. 43938-7-II |
| Appellant, | |
| v. | |
| ROBERT K. BONNETT and JANET A. BONNETT, husband and wife, | UNPUBLISHED OPINION |
| Respondents. | |

WORSWICK, C.J. — Philip Plattner appeals from the judgment entered in a property

dispute with his neighbors, Robert and Janet Bonnett (collectively, Bonnett). Plattner argues that

the trial court erred by (1) ruling that a recorded agreement completely modified the dimensions

of an express easement, (2) failing to find that Bonnett created a nuisance in fact, (3) failing to

award Plattner treble damages and attorney fees under RCW 4.24.630, and (4) violating his right

to due process by enjoining him to remove a gate and its posts. We disagree, deny Plattner's

request for attorney fees on appeal, and affirm.

FACTS

John McCrory owned a piece of land adjacent to South Island Drive on Harstine Island. In 1993, he divided it into two properties: the Plattner Property and the Bonnett Property. McCrory also recorded a short plat showing the creation of a 30-foot-wide access, drainage, and utility easement benefitting the Plattner Property and burdening the Bonnett Property. An unpaved, 8-foot-wide road sat within the easement.

In 2004, McCrory sold the Bonnett Property to Bonnett. A Road Relocation Agreement was attached to the recorded statutory warranty deed. The Road Relocation Agreement contemplated the construction, by June 15, 2004, of a new road, part of which would be located outside of the original easement. The Road Relocation Agreement further stated that "[t]he relocated easement shall equal the 'as built' dimensions and location of the road to be constructed." Clerk's Papers (CP) at 381. The new road was in fact built by June 15, 2004. Unlike the unpaved road, the new, paved road was 10 to 12 feet wide, and it partially sat on the Plattner Property.

In 2006, McCrory sold the Plattner Property to Plattner.[1] The statutory warranty deed contained nearly identical language about the relocated easement.

Plattner and Bonnett had a long series of disputes. After Plattner objected to Bonnett's installation of metal fence posts along both sides of the paved road, Bonnett removed the posts

---

[1] Plattner purchased the property as trustee for the Philip Brent Plattner Trust. We refer to the trust and the individual collectively as Plattner.

along one side. In addition, Plattner repeatedly complained to Bonnett about the parking of a trailer that encroached onto his easement.

Plattner installed a farm gate across the road near its entrance onto South Island Drive. Bonnett complained that the need to open and close the gate made it difficult to access his house.

Plattner also installed a motion-activated video camera that captured images of the road and the Bonnett Property. Based on video footage, Plattner accused Bonnett of intentionally damaging the camera.

Plattner commenced this case, seeking money damages, injunctive relief, and declaratory relief. Plattner's second amended complaint sought to quiet title to a 30-foot-wide easement and additionally asserted claims including interference with his right of easement, trespass, and nuisance.

Bonnett counterclaimed, seeking injunctive and declaratory relief. Among other things, Bonnett claimed that Plattner's farm gate blocked the road and he requested its removal.

After a bench trial, the trial court determined that the Road Relocation Agreement modified the entire express easement, so that the easement's dimensions were coextensive with those of the paved road. The trial court further determined that each party had interfered with the other's right of easement. Accordingly, the trial court ordered Bonnett to remove the split-rail fence and the remaining metal fence posts, and it ordered Plattner to remove his farm gate and its posts.

In addition, the trial court determined that Robert Bonnett "inadvertently damaged" Plattner's video camera and awarded $309 in damages. CP at 73. But the trial court denied Plattner's claim for treble damages and attorney fees under RCW 4.24.630(1), as well as Plattner's nuisance in fact claim.

Plattner appeals.

## ANALYSIS

When reviewing a trial court's decision following a bench trial, we determine whether substantial evidence supports the challenged findings of fact and, if so, whether the findings of fact support the conclusions of law. *Willener v. Sweeting*, 107 Wn.2d 388, 393, 730 P.2d 45 (1986). Substantial evidence is a sufficient quantity of evidence to persuade a fair-minded, rational person that the finding is true. *Bering v. Share*, 106 Wn.2d 212, 220, 721 P.2d 918 (1986). Unchallenged findings of fact are verities on appeal. *In re Estate of Jones*, 152 Wn.2d 1, 8, 93 P.3d 147 (2004). We review conclusions of law de novo. *Sunnyside Valley Irrigation Dist. v. Dickie*, 149 Wn.2d 873, 880, 73 P.3d 369 (2003).

### I. MODIFICATION OF THE EASEMENT

Plattner first argues that the trial court erroneously determined that the Road Relocation Agreement modified the entire easement by making it coextensive with the paved road. We disagree.

The interpretation of an instrument conveying an easement is a mixed question of law and fact. *Sunnyside*, 149 Wn.2d at 880. The intention of the parties to the instrument is a

question of fact, but the legal consequence of their intention is a question of law. *Sunnyside*, 149 Wn.2d at 880.

When interpreting an instrument conveying an easement, the court's duty is to give effect to the parties' intention. *Zobrist v. Culp*, 95 Wn.2d 556, 560, 627 P.2d 1308 (1981). This intention is derived from the instrument as a whole. *Zobrist*, 95 Wn.2d at 560. A court will consider extrinsic evidence of the parties' intent only if the instrument is ambiguous. *Sunnyside*, 149 Wn.2d at 880. An instrument is ambiguous if its language is uncertain or more than one interpretation is reasonable. *Jensen v. Lake Jane Estates*, 165 Wn. App. 100, 105, 267 P.3d 435 (2011).

A.    *Challenged Finding of Fact*

Plattner challenges the trial court's finding of fact 15, asserting that it determined "the easement did not need to be 30 [ feet] wide." Br. of Appellant at 16. Plattner claims that the easement is 30 feet wide regardless of the road's width; thus he argues that finding of fact 15 is erroneous "[a]s a matter of law." Br. of Appellant at 22. But Plattner mischaracterizes the trial court's finding.

On its face, finding of fact 15 is a factual finding about the width of *the road*, not that of the easement. Finding of fact 15 states in its entirety, "The road does not need to be 30 feet wide in the curved area or at any point." CP at 72. Because Plattner fails to argue that finding of fact 15 is erroneous *as a matter of fact*, we do not consider Plattner's factual challenge further. *See Cowiche Canyon Conservancy v. Bosley*, 118 Wn.2d 801, 809, 828 P.2d 549 (1992).

B.     *Conclusions of Law*

Plattner claims that the Road Relocation Agreement modified only a portion of the easement and that the easement's other portions remained 30 feet wide under the original short plat's terms. Again, we disagree.

The parties do not dispute the effect of the original short plat. The original short plat created a curving, 30-foot-wide easement across the Bonnett Property for access, drainage, and utility purposes. But the parties dispute the effect of the Road Relocation Agreement.

In relevant part, the Road Relocation Agreement provided:

> The Grantor and the Grantee hereby agree that due to the sight distance requirements of the South Island Drive County Road and the existing access easement to [the Plattner Property and the Bonnett Property], said access easement . . . shall be relocated in a Northwesterly direction. This easement relocation will be completed by June 15, 2004. *The relocated easement shall equal the "as built" dimensions and location of the road to be constructed and in use by June 15, 2004.* At all times this road shall provide access to both [the Plattner Property and the Bonnett Property], and at all times shall have a sufficient road bed to allow for fire and other emergency vehicles to access both lots.

CP at 381 (emphasis added).

The parties agree that the Road Relocation Agreement was unambiguous, yet they dispute its meaning. Plattner claims that the Road Relocation Agreement altered the road easement *only* to the extent that the newly constructed road was outside the easement described on the original short plat. In contrast, Bonnett claims that the Road Relocation Agreement modified the entire easement so that it was coextensive with the newly constructed road.

We hold that the Road Relocation Agreement is unambiguous because only one interpretation is reasonable.[2] *See Jensen*, 165 Wn. App. at 105. Nothing in the Road Relocation Agreement itself suggests that only a portion of the easement was affected. By providing that "[t]he relocated easement shall equal the 'as built' dimensions and location of the road to be constructed and in use by June 15, 2004," the Road Relocation Agreement relocated the entire easement. CP at 381.

Arguing to the contrary, Plattner cites *810 Properties v. Jump*, 141 Wn. App. 688, 170 P.3d 1209 (2007). But this case is unavailing. In *Jump*, two deeds specifically delineated the width of an express easement, which was wider than the road it contained. 141 Wn. App. at 699. The burdened landowner sought to limit the easement's width to the actual width of the road, claiming that the portions of the easement outside the road were unused. 141 Wn. App. at 699. But the court rejected this argument as meritless, holding that the deeds determined the dimensions of the express easement. 141 Wn. App. at 699.

Like the deeds in *Jump*, which determined the express easement's width, the Road Relocation Agreement determined the width of the express easement here. Plattner's argument fails.[3]

---

[2] Because the Road Relocation Agreement is unambiguous, we do not consider each party's alternative argument that extrinsic evidence supports its interpretation.

[3] In a footnote, Plattner further asks us to amend the trial court's ruling to clarify the location of an implied easement. We decline to do so.

## II. NUISANCE IN FACT

Plattner next argues that the trial court erred by determining that Bonnett did not create a nuisance in fact. We disagree.

### A.  *Challenged Findings of Fact*

Plattner further assigns error to two findings of fact that are relevant to his nuisance in fact claim: findings 16 and 26. We reject these assignments of error because substantial evidence supports both findings.

#### 1. *Finding of Fact 16*

Finding of fact 16 stated in its entirety, "The Bonnetts installed metal fence posts alongside the road. Some of the fence posts still remain. These posts do not meet the criteria for a nuisance." CP at 72. Substantial evidence supports this finding. First, Robert Bonnett testified that he installed the metal fence posts along the sides of the road and that the posts remained on one side.

Second, the record supports the trial court's finding that the metal fence posts did not meet all the criteria of a nuisance in fact.[4] A nuisance in fact exists if a person uses his property in a manner that *unreasonably* interferes with another owner's use and enjoyment of real property. *Tiegs v. Watts*, 135 Wn.2d 1, 13, 954 P.2d 877 (1998). The record here contains substantial evidence that installation of the metal fence posts was not unreasonable. Specifically,

---

[4] The existence of a nuisance in fact is a question of fact. *Wash. Chocolate Co. v. Kent*, 28 Wn.2d 448, 454, 183 P.2d 514 (1947); *see also* WILLIAM B. STOEBUCK & JOHN W. WEAVER, 17 WASHINGTON PRACTICE: REAL ESTATE: PROPERTY LAW, § 10.3, at 657 (2d ed. 2004) ("[W]hether a given activity is a nuisance is a heavily laden question of fact.").

Robert Bonnett testified that he installed the metal fence posts in an area he believed was outside the easement to protect the roadway from further damage by heavy trucks accessing the Plattner Property. Bonnett's belief was correct, and Plattner's challenge to this finding of fact fails.

2. *Finding of Fact 26*

Next, finding of fact 26 states in its entirety, "Any obstruction of the road easement by the Bonnetts was temporary." CP at 74. The record shows that Bonnett parked a trailer, which held a boat, on his property, and Plattner claimed that the trailer and boat encroached onto the easement. But Bonnett eventually sold the boat because Plattner complained so often about it. In addition, a flatbed truck blocked Plattner's access while it was parked on the road to haul away a shed that Bonnett sold.[5] Robert Bonnett testified that the flatbed truck's driver moved forward so that Plattner could pass, and he did. Thus substantial evidence also supports the trial court's finding that any obstruction was temporary.[6]

Plattner appears to claim that the easement road was also obstructed by Bonnett's installation of metal fence posts and a split-rail fence. But both were installed outside the road. Because the road and the easement were coextensive, the metal fence posts and the split-rail

---

[5] Bonnett testified that, for about one month, the shed sat adjacent to the road; he moved the shed at Plattner's request. Because the shed was not within the road, it did not obstruct the actual easement.

[6] Plattner further asserts that whether the roadway obstructions were temporary is immaterial to whether they were actionable nuisances. Plattner is correct. A temporary condition can amount to an actionable nuisance. *See Miotke v. City of Spokane*, 101 Wn.2d 307, 332, 678 P.2d 803 (1984) (holding that the temporary nature of a nuisance affects the measure of damages). Regardless, in concluding that Bonnett did not create a nuisance, the trial court did not rely on its finding that the obstructions were merely temporary.

fence were not "obstruction[s] of the road easement." CP at 74. Plattner's challenge to this finding of fact fails.

B.    *Conclusions of Law*

Plattner claims that the trial court erred by concluding that Bonnett did not create a nuisance in fact. We disagree.

A nuisance is a substantial and *unreasonable* interference with the use and enjoyment of another person's land. *Grundy v. Thurston County*, 155 Wn.2d 1, 6, 117 P.3d 1089 (2005); *see* RCW 7.48.010. The trial court's conclusion that Bonnett did not create a nuisance is supported by its findings because the trial court did *not* find that Bonnett acted unreasonably. In declining to make that finding, the trial court considered Bonnett's actions in installing the metal fence posts, installing the split-rail fence, and planting trees along the property line.

Plattner claims that the trial court's conclusion that Bonnett did not create a nuisance is inconsistent with its order requiring Bonnett to remove the remaining metal fence posts and the split-rail fence. But Plattner is mistaken. The trial court ordered removal of the metal fence posts and split-rail fence because they interfered with Plattner's right of easement. Even if Bonnett interfered with the use and enjoyment of Plattner's property, the interference is not a nuisance in fact unless it was unreasonable. *See Grundy*, 155 Wn.2d at 6. The trial court's factual findings support its legal conclusion that Plattner did not establish a nuisance claim.[7]

---

[7] Because Plattner's nuisance claim fails, the trial court did not err by failing to award damages and reasonable attorney fees for the nuisance claim. Thus we decline to address Plattner's assertion that RCW 7.48.010 authorizes an award of reasonable attorney fees.

III. STATUTORY TRESPASS

Plattner further argues that the trial court erred by (1) finding that Bonnett did not act intentionally when injuring Plattner's video camera and (2) failing to award treble damages and attorney fees under RCW 4.24.630(1). We disagree.

A.    *Challenged Finding of Fact*

In finding of fact 23, the trial court determined that Robert Bonnett damaged a video camera on the Plattner Property, but that the record failed to show by a preponderance of the evidence that Bonnett did so *intentionally*. Plattner contends that "substantial evidence contradicts the trial court's findings" because the trial court failed to make the finding Plattner promoted as to Bonnett's intent. Br. of Appellant at 30. This argument lacks merit.

We do not retry the facts on appeal, weigh conflicting evidence, or judge the credibility of witnesses. *In re Marriage of Rich*, 80 Wn. App. 252, 259, 907 P.2d 1234 (1996); *In re Marriage of Thomas*, 63 Wn. App. 658, 660, 821 P.2d 1227 (1991). Instead, when the trial court's factual findings have the support of substantial evidence, we accept those findings even though we may have resolved the factual dispute differently. *Sunnyside*, 149 Wn.2d at 879-80.

Plattner testified that his video camera captured images showing that Bonnett used a pair of long-handled pruners to strike the camera twice. According to Plattner, Bonnett "wanted to apparently try to destroy the lens of my camera." 1 Report of Proceedings at 91. As the trier of fact, the trial court had no obligation to believe this testimony. *Scanlan v. Smith*, 66 Wn.2d 601, 603-04, 404 P.2d 776 (1965). Plattner's argument fails.

B.   *Conclusions of Law*

RCW 4.24.630(1) authorizes an award of treble damages, plus reasonable attorney fees and costs, payable by any "person who goes onto the land of another and . . . wrongfully injures personal property or improvements to real estate on the land." *See Clipse v. Michels Pipeline Constr., Inc.*, 154 Wn. App. 573, 576-77, 225 P.3d 492 (2010). RCW 4.24.630(1) further states that "a person acts 'wrongfully' if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act." *See Clipse*, 154 Wn. App. at 580 (a "wrongful" act must have been intentional).

Because Bonnett did not damage Plattner's video camera intentionally, Bonnett did not *wrongfully* injure Plattner's personal property. Therefore RCW 4.24.630(1) cannot support an award of treble damages or reasonable attorney fees and costs.

### IV. Due Process

Lastly, Plattner argues that the trial court violated his constitutional right to due process of law by enjoining him to remove "his farm gate, including the southernmost post." CP at 76. This argument lacks merit.

Citing *Mullane v. Central Hanover Bank & Trust Company*, 339 U.S. 306, 314, 70 S. Ct. 652, 94 L. Ed. 2d 865 (1950), Plattner claims that he was denied an opportunity to be heard because Bonnett's counterclaim alleged that Plattner's gate—but not his gate *posts*—unlawfully interfered with access to his driveway.[8] But *Mullane* merely requires that a party receive notice

---

[8] Plattner does not contest the trial court's conclusion that his farm gate interfered with Bonnett's easement rights. He also does not deny that he was served with the counterclaim.

No. 43938-7-II

reasonably calculated under the circumstances to apprise the party of the nature of the claims against him. 339 U.S. at 314. Here, the allegations in Bonnett's counterclaim were reasonably calculated to apprise Plattner that his gate, including its posts, unlawfully interfered with Bonnett's property rights. Plattner's claim fails.

ATTORNEY FEES ON APPEAL

Citing RCW 7.48.010 and RCW 4.24.630(1), Plattner requests reasonable attorney fees and costs on appeal. Under RAP 18.1, the prevailing party is entitled to attorney fees on appeal when applicable law authorizes the award. *See McGuire v. Bates*, 169 Wn.2d 185, 191, 234 P.3d 205 (2010). We deny the request because Plattner is not the prevailing party.

Affirmed.

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

Worswick, C.J.

We concur:

Johanson, J.

Lee, J.

13