NOT FOR PUBLICATION

FILED

UNITED STATES COURT OF APPEALS

FOR THE NINTH CIRCUIT

MAR 9 2018

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| NANCY BESS, individually, and as Personal Representative of the Estate of Gary Ray Bess, deceased, and on behalf of others similarly situated, <br><br> Plaintiff-Appellant, <br><br> v. <br><br> OCWEN LOAN SERVICING, LLC, a Delaware limited liability company, <br><br> Defendant-Appellee. | No. 15-35550 <br><br> D.C. No. 3:15-cv-05020-BHS <br><br> MEMORANDUM[*] |

Appeal from the United States District Court
for the Western District of Washington
Benjamin H. Settle, District Judge, Presiding

Argued and Submitted February 7, 2018
Seattle, Washington

Before: M. SMITH and MURGUIA, Circuit Judges, and ROBRENO,[**] District Judge.

The present case arises out of the allegedly unlawful entry by Ocwen Loan

---

[*] This disposition is not appropriate for publication and is not precedent except as provided by Ninth Circuit Rule 36-3.

[**] The Honorable Eduardo C. Robreno, United States District Judge for the Eastern District of Pennsylvania, sitting by designation.

Servicing ("Ocwen") onto the property of Nancy Bess. After Bess defaulted on her mortgage loan, but prior to foreclosure, Ocwen entered Bess's property for the purpose of carrying out property preservation measures, including changing the locks and removing Bess's personal belongings. Bess appeals the district court's dismissal of Bess's first amended complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil Procedure. We have jurisdiction pursuant to 28 U.S.C. § 1291. We affirm in part, reverse in part, and remand for further proceedings.

1. The parties concede that following the Washington Supreme Court's decision in *Jordan v. Nationstar Mortgage, LLC*, 374 P.3d 1195 (Wash. 2016), Ocwen no longer may rely on the entry provisions in the parties' deed of trust to argue that its entry onto Bess's property was privileged. Because the "privileged entry" defense is no longer valid, we agree that Bess's common law trespass claim was well-pleaded and that remand is appropriate on that claim.

2. Reviewing *de novo* and in light of *Jordan*, we conclude that Bess's claim for intentional trespass under Revised Code of Washington section 4.24.630 also was well-pleaded. To state a claim for intentional trespass, a plaintiff must allege "(1) an invasion of property affecting an interest in exclusive possession, (2) an intentional act, (3) reasonable foreseeability that the act would disturb the plaintiff's possessory interest, and (4) actual and substantial damages." *Grundy v. Brack Family Tr.*, 213 P.3d 619, 624 (Wash. Ct. App. 2009) (quoting *Wallace v.*

*Lewis County*, 137 P.3d 101 (Wash. Ct. App. 2006)). In her first amended complaint, Bess alleges that Ocwen or its agents forcibly entered the Bess residence, installed new locks and placed a lock-box upon the residence, removed her personal property and belongings, and caused waste and injury to the property. Bess alleges that these actions occurred before Bess had vacated the residence and prior to non-judicial foreclosure. These allegations are sufficient to show a reasonably foreseeable invasion of Bess's property, which would affect Bess's exclusive possession and interest in the property. *See id.* With regards to the second element, we reject Ocwen's argument that Bess failed to plead wrongfulness, which is required to show an intentional act under Washington law. *See* Wash. Rev. Code § 4.24.630(1) ("[A] person acts 'wrongfully' if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act."); *Clipse v. Michels Pipeline Const., Inc.*, 225 P.3d 492, 494–95 (Wash. Ct. App. 2010) ("[W]rongfulness cannot refer to the mere act of entry upon the land," but rather requires "intentional conduct."). Bess alleged that Ocwen acted pursuant to the entry provisions contained in the deed of trust, which were unlawful at the time the entry occurred. *See* Wash. Rev. Code § 7.28.230 ("A mortgage of any interest in real property shall not be deemed a conveyance so as to enable the owner of the mortgage to recover possession of the real property, without a foreclosure and sale

3

according to law . . . ."); *Jordan*, 374 P.3d at 1201–02. Based on these allegations it is plausible that Ocwen was aware that its conduct was unlawful, which, at this stage in the litigation, is sufficient to permit Bess's claim for statutory trespass to go forward. *See Ashcroft v. Iqbal*, 556 U.S. 662, 678–79 (2009) (complaint must state plausible claim for relief).

3. We also conclude that Ocwen's alleged conduct, including the property preservation measures that occurred prior to foreclosure, could constitute unfair or deceptive acts in violation of Washington's Consumer Protection Act (CPA). To prevail on a CPA claim, a plaintiff must prove the following elements: (1) an unfair or deceptive act or practice; (2) the act or practice occurred in trade or commerce; (3) the act or practice impacts the public interest; (4) the act or practice caused injury to the plaintiff in his business or property; and (5) the injury is causally linked to the unfair or deceptive act. *Hangman Ridge Training Stables, Inc. v. Safeco Title Ins. Co.*, 719 P.2d 531, 535 (Wash. 1986). By alleging Ocwen entered Bess's property pursuant to the unlawful entry provisions in the parties' deed of trust, Bess has plausibly alleged an unfair or deceptive practice that has the potential to deceive a substantial portion of the public. *See Panag v. Farmers Ins. Co. of Washington*, 204 P.3d 885, 894 (2009) ("The language in the collection notices has the capacity to deceive a substantial portion of the public because they are representative of other notices sent to thousands of Washington citizens."). In

addition, Ocwen's conduct was common to the purported class and was carried out pursuant to what appears to be form language in the deed of trust. Ocwen's conduct therefore had the capacity to affect the public interest. *See Holiday Resort Cmty. Ass'n v. Echo Lake Assocs., LLC*, 135 P.3d 499, 507 (Wash. Ct. App. 2006). Finally, by alleging that she lost possession and full use and enjoyment of her property as a result of Ocwen changing the locks, Bess has established that Ocwen caused injury to Bess. *See Howard v. Edgren*, 385 P.2d 41, 41 (Wash. 1963) (loss of possession of a property entitles the owner to reasonable rents).

4. In light of the supplemental briefing and Bess's concession to dismissal at oral argument, we affirm the dismissal of the remaining claims in Bess's first amended complaint.

5. Finally, the district court did not err in its conclusion that Bess lacked standing to bring claims on behalf of her late husband's estate. Bess alleged the property was acquired by Gary Bess before his marriage to Nancy Bess, and that after their marriage Gary Bess died intestate. When considered in light of Washington law, these facts do not show that the estate had any interest in the property. The district court correctly concluded that at the time of Ocwen's entry and property preservation activities, the estate did not own the property because Gary's "net separate estate," including his interest in the property, had vested in Bess under Washington law. *See* Wash. Rev. Code §§ 11.04.015(1)(d), 11.04.250.

5

As it was Bess's burden to allege facts to support standing, *Wash. Envt'l Council v. Bellon*, 732 F.3d 1131, 1139 (9th Cir. 2013), the district court's dismissal of the claims on behalf of Gary Bess's estate for lack of standing was not in error.

**AFFIRMED IN PART, REVERSED IN PART, AND REMANDED.**

Each party shall bear its own costs on appeal.