# IN THE COURT OF APPEALS OF THE STATE OF WASHINGTON

## DIVISION  II

| | |
|---|---|
| HENRY C. REITZUG, as his separate estate; and MARK HADMAN and LISA HADMAN, husband and wife and the marital community comprised thereof, | No.  53519-0-II |
| Respondents. | |
| v. | UNPUBLISHED OPINION |
| SKIPPER KUZIOR, | |
| Appellant. | |

SUTTON, A.C.J. — Skipper Kuzior appeals the superior court's three orders related to a dispute over the ownership of Henry Reitzug's and Mark and Linda Hadmans' properties.  Reitzug and the Hadmans filed this lawsuit after Kuzior moved the fence separating their properties without their permission, and then removed the Hadmans' hay from their property.  The superior court granted the first motion for partial summary judgment in July 2018 for quiet title, ejectment, and trespass to establish the property line.  The court granted a second partial summary judgment motion in March 2019 on Reitzug's and the Hadmans' amended quiet title claims.  The court granted a third partial summary judgment in June 2019, awarding treble damages and attorney fees and litigation costs.  Kuzior appeals and argues that the superior court erred by granting the orders for partial summary judgment and awarding treble damages and reasonable attorney fees and costs to Reitzug and the Hadmans.

We affirm the superior court's orders[1] and grant Reitzug's and the Hadmans' request for reasonable appellate attorney fees and costs.

FACTS

Henry Reitzug and his wife are the titled owners of real property in Graham, Washington. Mark Hadman and Lisa Hadman are the titled owners of adjacent property. Skipper Kuzior is the titled owner of property adjacent to both Reitzug's and the Hadmans' properties.

In September 2017, Kuzior moved the wire fence separating his property from Reitzug's and the Hadmans' properties without consulting either Reitzug or the Hadmans. Mark Hadman attempted to speak with Kuzior, to no avail. Through counsel, Reitzug and the Hadmans sent a demand letter to Kuzior on December 4, 2017, but Kuzior did not respond. Because these efforts were fruitless, Reitzug and the Hadmans filed a complaint on February 15, 2018, seeking quiet title and ejectment, and claiming trespass.

On June 15, 2018, Reitzug and the Hadmans moved for partial summary judgment on their claims of quiet title, ejectment, and trespass. As evidence, they presented a declaration from a professional land surveyor and their attorney. In response, Kuzior filed his declaration and included photographs, surveys, an unsworn letter from a professional land surveyor stating that two buildings were within Kuzior's property boundaries, a declaration of annexation from 1978 regarding easements and covenants, and the various deeds.

---

[1] The superior court's partial summary judgment orders at issue are dated July 13, 2018, March 1, 2019, and June 1, 2019. Clerk's Papers at 23-24, 27-28, 475-78.

The superior court granted Reitzug's and the Hadmans' first motion for partial summary judgment for quiet title, ejectment, and trespass in July 2018. The court's order quieted title to the area Kuzior claimed by relocation of the fence on Reizug's and the Hadmans' properties, and ordered that the fence be returned to its proper location. The court ordered Kuzior to "remove all fencing and other structures, livestock, and personal property that he has placed on [Reitzug's and the Hadmans'] properties . . . and replace the boundary-line fence." Clerk's Papers (CP) at 24.

During the time period between when Kuzior first moved the fence and when the court ordered him to move it back, Kuzior allowed his livestock to graze on the Hadmans' land and mowed it without their permission. Due to this, the Hadmans were unable to cut their hay and either use or sell it, as they normally would do. The Hadmans estimated that the amount of hay they lost was about 50 bales, which they would have sold for $10 each.

After Reitzug and the Hadmans filed their first motion for partial summary judgment, their counsel discovered in August 2018 that Kuzior had "re-recorded" a statutory warranty deed to his property. On the cover sheet, Kuzior listed the tax parcel numbers for Kuzior's, Reitzug's, and the Hadmans' properties. Kuzior attached the December 2015 statutory warranty deed whereby the grantor purportedly granted Kuzior's property to him. Kuzior also attached the declaration of annexation, which expands application of certain easements and covenants.

In order to ensure proper title over their properties, Reitzug's and the Hadmans' counsel sent a letter to Kuzior demanding that he remove or render void the re-recorded deed, but he did not respond. Reitzug and the Hadmans then amended their complaint to incorporate a second claim to quiet title, as well as a claim for treble damages under RCW 4.24.630 and an award of attorney fees and litigation costs.

In January 2019, Reitzug and the Hadmans filed their second motion for partial summary judgment on their amended quiet title claims and for trespass violations under RCW 4.24.630. As evidence, they included two declarations from their attorney, a declaration from Mark Hadman, and a declaration from Chicago Title Insurance Company. They attached as exhibits to these declarations the statutory warranty deeds for their properties, Kuzior's re-recorded deed, and the letter sent to Kuzior. Kuzior did not meaningfully respond.

The superior court ruled that Kuzior's "re-record" of the statutory warranty deed to his property "creates no title, interest, or other right in any portion of [Reitzug's or the Hadmans'] properties. CP at 28. The court also ruled that Kuzior violated RCW 4.24.630 when he removed hay and caused damages to Reitzug's and the Hadmans' properties during the time he occupied portions of their properties. Because there was no genuine issue of material fact and Reitzug and the Hadmans were entitled to judgment as a matter of law, in March 2019, the court granted Reitzug's and the Hadmans' second partial summary judgment motion, reserving the issue of damages.[2]

On May 23, 2019, Reitzug and the Hadmans filed a third motion for summary judgment requesting an award of treble damages and attorney fees and costs under RCW 4.24.630 and RCW 4.84.185, and CR 11 sanctions. They sought $1500 in treble damages ($500 tripled under RCW 4.24.360) for the value of the hay Kuzior removed from their property. Their counsel filed a declaration detailing her attorney fees and costs.

---

[2] Kuzior filed a motion to reconsider, which the superior court denied. He then sought discretionary review, which we denied and ordered $500 in sanctions after finding his motion was frivolous. Ruling Denying Review, *Reitzug v. Kuzior*, No. 53119-4 (June 6, 2019).

The superior court granted the third partial summary judgment motion on June 21, and ordered the following:

> 8. [Reitzug and the Hadmans] are entitled to treble damages and an award of reasonable attorney[] fees and litigation expenses pursuant to RCW 4.24.630. [Their] RCW 4.24.630 claim arises from the same nexus of facts as [their] trespass and first quiet-title action. Attorney fees and litigation expenses incurred relating to the RCW 4.24.630 cannot be reasonably segregated from fees and expenses relating to the other claims.
>
> 9. [Reitzug and the Hadmans] are entitled to reasonable attorney[] fees and litigation expenses pursuant to RCW 4.84.185, as [Kuzior's] defenses against [their] claims were frivolous and advanced without reasonable cause.
>
> . . . .
>
> 12. The billing rates for the various attorneys and legal staff that performed work for [Reitzug and the Hadmans], as more fully set forth in [their] [m]otion and supporting [d]eclaration … are reasonable.
>
> 13. The [c]ourt has reviewed the billing records and believes that the time expended by [Reitzug and the Hadmans] in defending this case were reasonable.
>
> 14. The litigation expenses incurred by [Reitzug and the Hadmans] are reasonable.

CP at 476-77.

The superior court entered an award of treble damages in the amount of $1,500, attorney fees in the amount of $29,715.99, and litigation expenses in the amount of $1,736.49.

Kuzior appeals the superior court's three partial summary judgment orders.

ANALYSIS

I. STANDARD OF REVIEW

We review a superior court's summary judgment order de novo, performing the same inquiry as the superior court and viewing all facts and reasonable inferences in the light most favorable to the nonmoving party. *Johnson v. Lake Cushman Maintenance Co.*, 5 Wn. App. 2d

765, 777, 425 P.3d 560 (2018). Summary judgment is appropriate where there is no genuine issue of material fact and the moving party is entitled to judgment as a matter of law. CR 56(c).

The moving party bears the initial burden of showing that there are no genuine issues of material fact. *Johnson*, 5 Wn. App. 2d at 777. To establish a genuine issue of material fact, the nonmoving party may not rely on speculation or argumentative assertions that unresolved factual issues remain; instead, it must set forth specific facts that sufficiently rebut the moving party's contentions. *Woodward v. Lopez*, 174 Wn. App. 460, 468, 300 P.3d 417 (2013).

## II. FIRST MOTION FOR PARTIAL SUMMARY JUDGMENT

Kuzior argues that the superior court erred by granting Reitzug's and the Hadmans' first summary judgment motion for quiet title, ejectment, and trespass related to the property line and the fence line. We hold that the superior court properly granted quiet title and ejected Kuzior from Reitzug's and the Hadmans' properties, and ordered him to put the boundary fence back on the actual property line.

### A. QUIET TITLE

Washington law provides in a quiet title action that "[t]he plaintiff . . . shall set forth in his or her complaint the nature of his or her estate, claim, or title to the property, and the defendant may set up a legal or equitable defense to plaintiff's claims; and the superior title, whether legal or equitable, shall prevail." RCW 7.28.120. A quiet title action is equitable and "'designed to resolve competing claims of ownership' to property." *Bavand v. OneWest Bank, F.S.B.*, 176 Wn. App. 475, 502, 309 P.3d 636 (2013) (internal quotation marks omitted) (quoting *Walker v. Quality Loan Serv. Corp.*, 176 Wn. App. 294, 322, 308 P.3d 716 (2013)), *abrogated on other grounds* by *Merry v. Northwest Trustee Serv., Inc.*, 188 Wn. App. 174, 352 P.3d 830 (2015); *see* RCW 7.28.010. "An

action to quiet title allows a person in peaceable possession or claiming the right to possession of real property to compel others who assert a hostile right or claim to come forward and assert their right or claim and submit it to judicial determination." *Kobza v. Tripp*, 105 Wn. App. 90, 95, 18 P.3d 621 (2001).

Here, the evidence establishes that Reitzug and the Hadmans have statutory warranty deeds establishing title and ownership of their properties and that Kuzior had no authority to move the boundary fence line separating their properties. Kuzior relied on speculation and conjecture, which cannot be considered on summary judgment. *See Woodward*, 174 Wn. App. at 468. Kuzior presented no evidence that contradicted Reitzug's and the Hadmans' valid titles.

Because Kuzior failed to establish any genuine issue of material fact and Reitzug and the Hadmans were entitled to judgment as a matter of law, we hold that the superior court properly granted partial summary judgment in its July 2018 order on their quiet title claims.

## B. EJECTMENT

RCW 7.28.010, governing actions in ejectment and to quiet title, specifically confers the right of action on persons having a valid subsisting interest and a right to possession. "Encroachment occurs when one builds a structure on another's land; it is a form of trespass." *Proctor v. Huntington*, 169 Wn.2d 491, 496, 238 P.3d 1117 (2010).

Kuzior wrongfully moved the boundary fence and trespassed onto Reizug's and the Hadmans' properties. The superior court ordered Kuzior to move the boundary fence back to its actual location and ejected Kuzior from Reitzug's and the Hadmans' properties. Because there were no genuine issues of material fact as to ejectment or trespass, and Reitzug and the Hadmans

were entitled to judgment as a matter of law, the superior court properly granted their partial summary judgment motion on their claims of ejectment and trespass.

### III. SECOND MOTION FOR PARTIAL SUMMARY JUDGMENT

Kuzior argues that the superior court erred by granting the second partial summary judgment motion on Reitizug's and the Hadman's amended claims of quiet title, arising from Kuzior's "re-recording" of his statutory warranty deed on his property. We hold that the superior court properly granted the second partial summary judgment motion on Reitzug's and the Hadmans' amended claims of quiet title on their properties.

"RCW 64.04.010 requires that conveyances of an interest in property must be by deed." *OneWest Bank, FSB v. Erickson*, 185 Wn.2d 43, 69, 367 P.3d 1063 (2016). And "[e]very deed shall be in writing, signed by the party bound thereby, and acknowledged by the party before some person authorized by this act to take acknowledgments of deeds." RCW 64.04.020 (reviser's note omitted).

Here, Kuzior filed a document which he titled "re-record to correct legal." CP at 247. On the cover sheet, he listed the tax parcel numbers for Kuzior's, Reitzug's, and the Hadmans' properties. He attached the December 2015 statutory warranty deed whereby the grantor granted Kuzior's property to Kuzior. Kuzior also attached a declaration of annexation, which described certain easements and covenants.

Kuzior fails to explain or establish how the "re-record" of the statutory warranty deed on his property gives him title to any portion of the properties owned by Reitzug or the Hadmans. The declaration of annexation he filed merely describes certain easements and covenants.

8

Because Kuzior failed to establish a genuine issue of material fact, and Reitzug and the Hadmans are entitled to a judgment as a matter of law, we hold that the superior court properly granted the second partial summary judgment motion on Reitzug's and the Hadmans' amended claims of quiet title.

## IV. THIRD MOTION FOR PARTIAL SUMMARY JUDGMENT

A. TREBLE DAMAGES—RCW 4.24.630

Kuzior argues that the superior court erred by awarding treble damages under RCW 4.24.630 to the Hadmans. We hold that the superior court properly awarded $1500 in treble damages under RCW 4.24.630 for the value of the hay.

RCW 4.24.630(1) provides for an award of treble damages and states that

> [e]very person who goes onto the land of another and who removes timber, crops, minerals, or other similar valuable property from the land, or wrongfully causes waste or injury to the land, or wrongfully injures personal property or improvements to real estate on the land, is liable to the injured party for treble the amount of the damages caused by the removal, waste, or injury. For purposes of this section, a person acts "wrongfully" if the person intentionally and unreasonably commits the act or acts while knowing, or having reason to know, that he or she lacks authorization to so act..

"RCW 4.24.630 requires a showing that the defendant intentionally and unreasonably committed one or more acts *and* knew or had reason to know that he or she lacked authorization." *Clipse v. Michels Pipeline Constr., Inc.*, 154 Wn. App. 573, 580, 225 P.3d 492 (2010).

The superior court ruled that Kuzior had wrongfully removed the fence separating the parties' properties, and ordered that it to be returned to its original location. The superior court also ruled that Reitzug and the Hadmans had valid titles and ownership of their properties and that Kuzior had no interest, claim, or ownership in these properties. The court ruled that it was

undisputed that for the time period that Kuzior wrongfully moved the fence, he mowed and removed hay from the Hadmans' property and allowed his animals to graze there. Kuzior trespassed onto the Hadmans' property and wrongfully removed the hay.

Kuzior knew or had reason to know that he did not have authorization to use the Hadmans' property for his benefit. *Clipse*, 154 Wn. App. at 580. Kuzior should have known that he was using the Hadmans' property without their authorization because the title to their property established that he was on their property.

Because Kuzior failed to establish any genuine issues of material fact and the Hadmans were entitled to judgment as a matter of law, we hold that the superior court properly found Kuzior was liable for violations under RCW 4.24.630 and awarded $500 as the value of the hay, which amount it tripled for a total of $1500 in treble damages.

B. ATTORNEY FEES AND COSTS

Kuzior argues that the court erred by awarding Reitzug's and the Hadmans' reasonable attorney fees and costs in the third partial summary judgment order. We hold that the superior court properly awarded reasonable attorney fees and costs under RCW 4.24.630 and RCW 4.84.185.

If a person is found liable under RCW 4.24.630, the prevailing party is entitled to an award of attorney fees and costs of litigation. RCW 4.24.630(1) states that

> [d]amages recoverable under this section include, but are not limited to, damages for the market value of the property removed or injured, and for injury to the land, including the costs of restoration. In addition, the person is liable for reimbursing the injured party for the party's reasonable costs, including but not limited to investigative costs and reasonable attorneys' fees and other litigation-related costs.

"If . . . an attorney fees recovery is authorized for only some of the claims, the attorney fees award must properly reflect a segregation of the time spent on issues for which attorney fees are authorized from time spent on other issues." *Hume v. American Disposal Co.*, 124 Wn.2d 656, 672, 880 P.2d 988 (1994). Segregation of attorney fees is not required where the claims are related. *See Hume*, 124 Wn.2d at 673.

RCW 4.84.185 provides that a court may order the nonprevailing party to pay the prevailing party's reasonable expenses incurred if the nonprevailing party's argument was frivolous. The decision to impose costs is vested in the sound discretion of the trial court. *Kilduff v. San Juan County*, 194 Wn.2d 859, 876-77, 453 P.3d 719 (2019). Kuzior wrongfully moved the property boundary fence and unlawfully removed the Hadmans' hay by mowing it and allowing his animals to graze there. The superior court properly determined the hay's value to be $500, which amount it tripled as treble damages under RCW 4.24.630. Because the Hadmans had to show they had title to the land in order to prove trespass, their quiet title, ejectment, and trespass claims were so related that segregation of the attorney fees was not necessary.

Kuzior had no factual or legal basis to move the boundary fence or trespass onto Reitzug's and the Hadmans' properties. Kuzior failed to present any material facts or legitimate arguments to support his argument that he had ownership over Reitzug's and the Hadmans' properties. Based on Kuzior's actions, Reitzug and the Hadmans were forced to undergo extensive and costly litigation.

Because Kuzior's actions and defenses were frivolous and resulted in extensive and costly litigation, we hold that the superior court properly awarded reasonable attorney fees to Reitzug and the Hadmans in the amount of $29,715.99, and litigation expenses in the amount of $1,736.49 under RCW 4.24.360 and RCW 4.84.185.

V. APPELLATE ATTORNEY FEES AND COSTS

We grant Reitzug's and the Hadmans' request an award of appellate attorney fees and costs under RCW 4.24.630 and RCW 4.85.185.

RAP 18.1(a) authorizes this court to grant an award of reasonable attorney fees and costs if authorized by applicable law. A court may award attorney fees and costs to the prevailing party under RCW 4.24.630. If the opposing party's claims or defenses were frivolous or meritless, a court may award reasonable attorney fees and sanctions under RCW 4.84.185.

On appeal, we agree with Reitzug and the Hadmans that Kuzior fails to make any cognizable argument and thus, his claims and defenses are frivolous. Because they are frivolous, we hold that Reitzug and the Hadmans are entitled to an award of reasonable appellate attorney fees and costs.

CONCLUSION

We affirm the superior court's three partial summary judgment orders, and we grant Reitzug's and the Hadmans' reasonable appellate attorney fees and costs.

No. 53519-0-II

A majority of the panel having determined that this opinion will not be printed in the Washington Appellate Reports, but will be filed for public record in accordance with RCW 2.06.040, it is so ordered.

SUTTON, A.C.J.

We concur:

GLASGOW, J.

CRUSER, J.